CONNELLY v PAUL RUDDY'S EQUIPMENT REPAIR & SERVICE
COMPANY

1. JUDGMENT—ACCELERATED JUDGMENT—COMPLAINT—PROOF—TRIAL.

The Michigan Supreme Court must assume that plaintiff will be
able at trial to prove the allegations contained in her complaint
where it must decide whether defendants' motion for acceler-
ated judgment should or should not have been granted.

2. TORTS—CAUSE OF ACTION—BREACH OF DUTY—DAMAGES.

A cause of action, in the case of an action for damages arising out
of tortious injury to a person, accrues when all of the elements
of the cause of action have occurred and can be alleged in a
proper complaint; these elements are four in number: (1) the
existence of a legal duty by defendant toward plaintiff, (2) the
breach of such duty, (3) a proximate causal relationship be-
tween the breach of such duty and the injury to the plaintiff,
and (4) the plaintiff must have suffered damages.

3. STATUTES—REVISED JUDICATURE ACT.

The purpose of the Revised Judicature Act was to effect proce-
dural improvements, not advance social, industrial or commer-
cial policy in substantive areas (MCLA 600.101 *et seq.*).

4. LIMITATION OF ACTIONS—DAMAGES—STATUTES—REVISED JUDICA-
TURE ACT.

The word *damage* is not rendered meaningless in a fair reading
of a section of the Revised Judicature Act providing for a
period of limitations, even where the word *wrong* is understood
to mean actionable wrong (MCLA 600.5827).

5. LIMITATION OF ACTIONS—PERSONAL INJURY—DAMAGES.

Once all of the elements of an action for personal injury includ-
ing the element of damage, are present, the claim accrues and

REFERENCES FOR POINTS IN HEADNOTES
[1] 47 Am Jur 2d, Judgments §§ 964–966.
[2] 52 Am Jur 2d, Torts §§ 7, 30 *et seq.*
[3] 20 Am Jur 2d, Courts §§ 6–8.
[4–7] 51 Am Jur 2d, §§ 102–104, 109, 126.

the statute of limitations begins to run; later damages may result, but they give rise to no new cause of action, nor does the statute of limitations begin to run anew as each item of damage is incurred.

6. LIMITATION OF ACTIONS—OPEN ACCOUNT.

The statute of limitations runs from the time of the last item proved in the account, with respect to an open account (MCLA 600.5831).

7. LIMITATION OF ACTIONS—MEDICAL BILLS—PERSONAL INJURIES—DAMAGES.

A claim for medical bills in an action for personal injuries is governed by the general rule that the period of limitations runs from the time the claim accrues and later resulting damage does not have the effect of extending the limitation upon the action (MCLA 600.5827).

Appeal from order of the Court of Appeals, Division 1, Quinn, P. J., and McGregor and Bronson, JJ., reversing Wayne, Nathan J. Kaufman, J. Submitted March 7, 1972. (No. 1 March Term 1972, Docket No. 53,139.) Decided August 30, 1972.

Complaint by Alice Louise Connelly and Michigan Mutual Liability Company against Paul Ruddy's Equipment Repair & Service Company, Norwest Machinery Movers Company, and Detroit Engineering & Machine Company for damages for injuries resulting from an industrial accident. Norwest Machinery Movers Company dismissed. Third-party complaint by Detroit Engineering & Machine Company, against Paul Ruddy's Equipment Repair & Service Company and Norwest Machinery Movers Company. Defendants' motions for accelerated judgment denied. Defendants appealed to the Court of Appeals. Reversed by order. Plaintiffs appeal. Reversed and remanded to circuit court.

*Johnson, Campbell & Moesta,* for plaintiffs.

*Fischer, Franklin & Ford,* for defendant Paul Ruddy's Equipment Repair & Service Company.

*Louis Rosenzweig,* for defendant Norwest Machinery Movers Company

*Harvey, Kruse & Westen,* for defendant Detroit Engineering & Machine Company

T. E. BRENNAN, J.

## THE CASE

This is an action for damages for personal injury, resulting from an industrial accident which occurred on May 12, 1965. Plaintiff Connelly commenced her action in circuit court on May 10, 1968.

Defendants moved for accelerated judgment based upon the bar of the statute of limitations. The motions were denied at circuit, but upon leave granted, the circuit court was summarily reversed by the Court of Appeals.

Since we must decide whether the motions for accelerated judgment should or should not have been granted, we must assume that plaintiff will be able at trial to prove the allegations contained in her complaint.

## THE FACTS

Thus viewed, the facts are these: In 1948, defendant Detroit Engineering purchased a Cleveland press. In 1964, Detroit Engineering rented the press to plaintiff's employer, Wolverine Industries.

Between February 1, 1965, and March 15, 1965, defendant Paul Ruddy's Equipment overhauled the

press. Defendant Norwest Machinery Movers delivered the press back to Wolverine Industries on March 15, 1965.

Negligent acts are alleged with respect to all defendants in preparing, designing, repairing and delivering the press.

It is not disputed that the press has not been in the possession of any of the defendants since March 15, 1965, more than 3 years prior to the institution of the present action.

## THE STATUTES

Defendants' motion is predicated upon these sections of the Revised Judicature Act:

"Sec 5805

"No person may bring or maintain any action to recover damages for injuries to persons or property unless, after the claim first accrued to himself or to someone through whom he claims, he commences the action within the periods of time prescribed by this section. * * *

"(7) The period of limitations is 3 years for all other actions to recover damages for injuries to persons and property." MCLA 600.5805; MSA 27A.5805.

"Sec 5827

"Except as otherwise expressly provided, the period of limitations runs from the time the claim accrues. The claim accrues at the time provided in sections 5829 to 5838, and in cases not covered by these sections the claim accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results." MCLA 600.5827; MSA 27A.5827.

## DISCUSSION

Prior to the adoption of RJA, it was settled that a cause of action accrues at the moment when the plaintiff could first commence a lawsuit upon it.

In the case of an action for damages arising out of tortious injury to a person, the cause of action accrues when all of the elements of the cause of action have occurred and can be alleged in a proper complaint.

Those elements are four in number.

(1) The existence of a legal duty by defendant toward plaintiff.

(2) The breach of such duty.

(3) A proximate causal relationship between the breach of such duty and an injury to the plaintiff.

(4) The plaintiff must have suffered damages.

Defendants argue that the statutory provision " * * * the claim accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results" means, in the context of this case, that claims against them are barred, since breach of duty claimed against them must have occurred prior to March 15, 1965, more than 3 years before action was commenced.

Defendants contend that the word *wrong* refers to an act of carelessness or negligence in repairing or handling the press. By their view, the word *damage* refers to the personal injury suffered by the plaintiff on May 12, 1965, the day that the press malfunctioned.

Defendants claim that interpreting the word *wrong* to mean *actionable wrong, tort, harm* or *injury* is to broaden the meaning of that word, and render the word *damage* entirely meaningless.

It is argued by the plaintiff that under such a view, her claim is barred before she was hurt. She would never have been able to commence an action at all.

By that interpretation, plaintiff says, the statute is not one of limitation but one of abolition, com-

pletely destroying her cause of action before it arises.

Defendants counter by pointing out that the statute of limitations is a statute of repose, designed to protect defendants from stale claims; that this is an industrial state and it is therefore reasonable to conclude that the Legislature intended to protect industrial and commercial interests by fixing a certain limit upon exposure to liability for faulty products and workmanship.

We cannot accept the defendants' view. However desirable the stated objectives might be, it is doubted that such was the legislative purpose. The statute in question is the Revised Judicature Act. It was drawn, as defendants point out, by a distinguished committee of lawyers, known as the Joint Committee on Michigan Procedural Revision. The purpose of the Act was to effect procedural improvements, not advance social, industrial or commercial policy in substantive areas.

The word *damage* is not rendered meaningless in a fair reading of the statute, even where the word *wrong* is understood to mean actionable wrong.

It is quite common in personal injury actions to allege and prove future loss of earning capacity, future medical expenses, future pain and suffering. Indeed all of these elements must be alleged and proved in a single cause of action. Once all of the elements of an action for personal injury, including the element of damage, are present, the claim accrues and the statute of limitations begins to run. Later damages may result, but they give rise to no new cause of action, nor does the statute of limitations begin to run anew as each item of damage is incurred.

Section 5831 of RJA provides that with respect

to an open account, the statute runs from the time of the last item proved in the account.

A claim for medical bills in an action for personal injuries is not treated in the same way. It is governed by the general rule as expressed in section 5827, that later resulting damage does not have the effect of extending the limitation upon the action.

The Court of Appeals is reversed and the cause remanded to circuit court for further proceedings. Costs to abide the outcome.

T. M. KAVANAGH, C. J., and ADAMS, T. G. KAVANAGH, SWAINSON, and WILLIAMS, JJ., concurred with T. E. BRENNAN, J.

BLACK, J., concurred in the result