MALESEV v WAYNE COUNTY ROAD COMMISSIONERS

1. LIMITATION OF ACTIONS—TORTS—CONTRACTS.

The statute of limitations is three years in all actions for injury to person or property, whether they sound in contract or tort.

2. TORTS—PROPERTY DAMAGE—LIMITATION OF ACTIONS—ACCRUAL OF ACTIONS—STATUTES—WORDS AND PHRASES.

A tort claim for injury to property accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results; however, "wrong" is construed to mean "actionable wrong" and accrues when injuries first become apparent, and where plaintiffs' suit for damages to their residence due to soil instability caused by construction was commenced within three years from when cracks and other structural damage to plaintiffs' residence first became apparent, an order dismissing plaintiffs' complaint as barred by the statute of limitation was erroneous (MCLA 600.5827).

Appeal from Wayne, Blair Moody, Jr., J. Submitted Division 1 January 10, 1974, at Detroit. (Docket No. 14287.) Decided March 1, 1974.

Complaint by Milos Malesev and Sophie Malesev against the Board of County Road Commissioners of Wayne County and others for damage to real property. Summary judgment for defendants. Plaintiffs appeal. Reversed.

*Richard A. Monash,* for plaintiffs.

*Donald Brown,* for defendant Wayne County Road Commission.

REFERENCES FOR POINTS IN HEADNOTES
[1] 51 Am Jur 2d, Limitation of Actions §§ 84–91, 102–104.
[2] 51 Am Jur 2d, Limitation of Actions §§ 135–137.

*Harvey, Kruse & Westen, P. C.* (by *Jonathan Martin),* for defendant Santucci Construction Company.

Before: McGregor, P. J., and J. H. Gillis and O'Hara,* JJ.

McGregor, P. J. This is an action for damage to property based on a third-party beneficiary contract theory. The defendants contracted with each other for construction of a water-intake tunnel in and through the City of Lincoln Park. Construction was completed on October 18, 1960. In November, 1963, due to soil instability caused by the construction, cracks and other structural damage to the plaintiffs' residence first became apparent. Complaint was thereafter filed on December 1, 1965. An order dismissing that complaint, as barred by the statute of limitations, was entered on April 14, 1972, and the plaintiffs appeal as of right.

The statute of limitations is three years in all actions for injury to person or property, whether they sound in contract or tort. *State Mutual Cyclone Insurance Co v O & A Electric Cooperative,* 381 Mich 318; 161 NW2d 573 (1968). In relevant part, MCLA 600.5827; MSA 27A.5827 provides:

"Except as otherwise expressly provided, the period of limitations runs from the time the claim accrues. The claim accrues * * * at the time the wrong upon which the claim is based was done regardless of the time when damage results."

Our Supreme Court has construed this to mean that, in the case of tortious injury to persons,

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

"wrong" meant "actionable wrong" and accrued when injuries first became apparent. *Connelly v Paul Ruddy's Equipment Repair & Service Co,* 388 Mich 146; 200 NW2d 70 (1972). The same rule should apply to injury to property. To hold otherwise would transmute the statute from one of limitation into one of abolition. Since the damage in this case did not become apparent until over three years after completion of the tunnel, the plaintiffs' cause of action would then be destroyed before it arose. Such a result is not consonant with the legislative purpose of the statute.

Reversed.

All concurred.