CENTRAL ADVERTISING COMPANY v CITY OF NOVI

Docket No. 78-3527. Submitted May 14, 1979, at Detroit.—Decided July 10, 1979.

On May 20, 1974, the City of Novi enacted a signs and outdoor advertising ordinance: § 2.01 prohibited signs not expressly permitted by ordinance, § 3.01 described various permitted signs and specifically permitted certain on-premises advertising signs, and § 4.01(1)(1) prohibited off-premises signs and off-premises advertising signs. On February 3, 1976, Central Advertising Company petitioned the Novi Board of Appeals for a variance to erect a certain off-premises advertising sign. The petition was denied. On October 1, 1976, Central brought an action against Novi seeking damages, injunctive relief and a declaration that the ordinance is invalid for prohibiting and excluding Central's off-premises advertising signs from within the City of Novi. Plaintiff's damage claims were based upon defendant's intentional interference with business relationships and intentional violation of the constitutional right to free speech, due process and equal protection. Plaintiff moved for summary judgment alleging that the ordinance was invalid as a matter

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Summary Judgment § 32.
[2] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 314.
[3-5] 3 Am Jur 2d, Advertising §§ 4-9, 13 *et seq.*
 Municipal power as to billboards and outdoor advertising. 58 ALR2d 1314.
 Validity of regulations restricting height of free-standing advertising signs. 56 ALR3d 1207.
[4] 56 Am Jur 2d, Municipal Corporations, Counties, and Other Political subdivisions § 127.
[5, 7] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 27.
[6] 5 Am Jur 2d, Appeal and Error § 727.
[7] 57 Am Jur 2d, Municipal, School, and State Tort Liability §§ 1-3, 30.
[8-10] 73 Am Jur 2d, Summary Judgment §§ 16, 29.
[10] 61 Am Jur 2d, Statutes § 9.
[11] 5 Am Jur 2d, Appeal and Error §§ 876-879.
[12] 59 Am Jur 2d, Parties § 190.
 61 Am Jur 2d, Pleading § 309.

of law because it prohibited all off-premises advertising signs in the City of Novi. Oakland Circuit Court, Robert L. Templin, J., enjoined defendant from enforcing § 4.01(1)(1) and also held that off-premises advertising signs had to comply with § 3.01. Defendant appealed and plaintiff cross-appealed. The Court of Appeals affirmed the trial court's determination that the ordinance impermissibly prohibited off-premises signs. However, the Court concluded that § 3.01 did not regulate off-premises signs and reversed the trial court on this issue (Docket No. 31153, decided September 14, 1977 [unreported]). Leave to appeal was denied by the Supreme Court on November 30, 1977, and the case was returned to the trial court for consideration of the claims for damages. 402 Mich 823 (1977). On February 14, 1978, defendant moved for summary judgment in the trial court claiming that plaintiff had failed to state a claim upon which relief could be granted. On March 16, 1978, summary judgment was granted to defendant. The trial court held that Novi was immune from plaintiff's tort action. Plaintiff moved to file an amended complaint on May 3, 1978, which would add members of the city council, planning commission, board of appeals and director of building and safety as defendants. On May 31, 1978, the order granting summary judgment to defendant was entered along with a denial of plaintiff's motion to file an amended complaint. Motions for rehearing and to set aside the order denying its motion to amend were denied. Plaintiff appeals. *Held:*

1. Plaintiff's tort claim against the City of Novi was properly disposed of by summary judgment on the grounds of governmental immunity. The passage and enforcement of an ordinance regulating the display of signs and prohibiting off-premises advertising within a city's jurisdiction falls within the essence of government. It is a governmental function with governmental immunity. The mere fact that the ordinance has been invalidated does not strip the city of its mantle of governmental immunity.

2. A complaint which fails to mention a statute relied upon and presents a plaintiff's claims in an unorganized and conclusionary manner justifies summary judgment for failure to state a claim. Plaintiff's constitutional claims, intentional interference with business relationships and intentional violation of the right to free speech, due process and equal protection, apparently were based upon a Federal statute. The statute was not mentioned in the complaint and plaintiff's claims were unorganized and conclusionary; furthermore, the Federal statute did not apply to the factual situation under consideration.

3. The grant or denial of a motion to amend a pleading or to

add parties is discretionary with the trial court. Plaintiff's motion appears to be a last minute attempt to get the court to consider the Federal statute which it failed to mention in the complaint. Plaintiff should have been aware of the statute and its application. In effect, plaintiff was asking the court to permit the addition of an entirely new cause of action. Denial of plaintiff's unreasonably tardy motion which would add a new cause of action was a proper exercise of discretion.

Affirmed.

1. JUDGMENT — SUMMARY JUDGMENT — MOTIONS — FAILURE TO STATE CLAIM — APPEAL AND ERROR — COURT RULES.

Motions for summary judgment are tested by pleadings alone with every well-pled allegation assumed to be true; where a defendant moves for summary judgment, the Court of Appeals must determine if the plaintiff's claims are so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery (GCR 1963, 117.2[1]).

2. TORTS — GOVERMENTAL IMMUNITY — BURDEN OF PLEADING.

A plaintiff has the burden of pleading facts in avoidance of governmental immunity if he is to state an actionable claim, where his suit is against a governmental unit and the immunity issue is raised by the defendant.

3. MUNICIPAL CORPORATIONS — ORDINANCES — SIGNS AND BILLBOARDS — CONSTITUTIONAL LAW.

Municipalities have the power to adopt resolutions and ordinances relating to their municipal concerns, property and government; therefore, a municipal legislative body has a general grant of authority to control uses such as signs and billboards within its jurisdiction (Const 1963, art 7, § 22).

4. MUNICIPAL CORPORATIONS — HOME-RULE CITY — HOME-RULE ACT — BILLBOARD ORDINANCES — CITY CHARTER — OFF-PREMISES ADVERTISING — STATUTES.

The home-rule statute authorizes a municipality to provide in its charter for licensing, regulating, restricting and limiting the number and locations of billboards within a city; however, a home-rule city cannot altogether prohibit off-premises advertising signs (MCL 117.4i[5]; MSA 5.2082[5]).

5. MUNICIPAL CORPORATIONS — ORDINANCES — SIGNS AND BILLBOARDS — INVALID ORDINANCES — GOVERNMENTAL FUNCTIONS — GOVERNMENTAL IMMUNITY.

The passage and enforcement of an ordinance regulating the

display of signs and prohibiting off-premises advertising within a city's jurisdiction falls within the essence of government, it is a governmental function and where there are no statutory exceptions to immunity and the circumstances are such that the city would have been immune from tort liability at common law, the mere fact that the ordinance has been invalidated does not strip the city of its mantle of governmental immunity.

6. APPEAL AND ERROR — TRIAL COURT RULINGS — RIGHT RESULT — WRONG REASON.
    The Court of Appeals will not disturb a ruling of the trial court if that court reached the right result for the wrong reason.

7. CONSTITUTIONAL LAW — RIGHTS AND PRIVILEGES — LOCAL GOVERN-MENTS — GOVERNMENTAL IMMUNITY — STATUTES.
    Local governmental bodies retain some immunity from claims made by citizens allegedly deprived of any rights, privileges, or immunities secured by the constitution and laws of the United States (42 USC 1983).

8. JUDGMENT — SUMMARY JUDGMENT — MOTIONS — PLEADINGS.
    Mere conclusions, without factual allegations to support them, will not withstand a motion for summary judgment (GCR 1963, 111.1[1]).

9. PLEADING — COMPLAINT — REQUIREMENTS OF COMPLAINT — SUM-MARY JUDGMENT — COURT RULES.
    A complaint which fails to mention a statute relied on and presents a plaintiff's claims in an unorganized and conclusion-ary manner violates a court rule and justifies summary judg-ment for failure to state a claim (GCR 1963, 111.1[1]).

10. PLEADING — INAPPLICABLE STATUTE — FAILURE TO STATE CLAIM.
    A party fails to state a claim upon which relief can be granted where recovery is alleged pursuant to a statute which does not apply to the factual situation under consideration.

11. APPEAL AND ERROR — EVALUATION OF CLAIM — VERBIAGE — SUBSTANCE OF CLAIM.
    The Court of Appeals, in evaluating a claim, looks beyond ver-biage to determine the substance of the cause of action pled.

12. PLEADING — AMENDMENT OF PLEADINGS — ADDITION OF PARTIES — DISCRETION.
    The grant or denial of a motion to amend a pleading or to add parties is discretionary with the trial court (GCR 1963, 118.1, 207).

*Reid & Reid, P.C.* (by *Michael H. Perry*), for plaintiff.

*Lampert, Fried & Levitt, P.C.* (by *David M. Fried, Monica Farris Linkner* and *Gary E. Levitt*), for defendant.

Before: N. J. KAUFMAN, P.J., and BASHARA and K. B. GLASER, JR.,* JJ.

N. J. KAUFMAN, P.J. Plaintiff appeals by right from a May 31, 1978, order granting summary judgment to defendant on the grounds of governmental immunity and from a June 12, 1978, order denying plaintiff's motion to amend its complaint to add certain city officials as defendants.

On May 20, 1974, Novi enacted a "Signs and Outdoor Advertising" ordinance which borrowed heavily from an Ann Arbor ordinance regulating signs.

The next day, May 21, 1974, the Supreme Court decided *Central Advertising Co v Ann Arbor,* 391 Mich 533; 218 NW2d 27 (1974), *aff'd on remand,* 394 Mich 943 (1975). The Court concluded that the Ann Arbor sign ordinance operated to proscribe billboards altogether and that this action exceeded the authority of the city council under the home-rule act, MCL 117.4i(5); MSA 5.2082(5), and the city charter, Ann Arbor Charter, § 3.1(2)(f). However, since there were no findings of fact regarding each of the 177 plaintiffs affected by the ordinance, the matter was remanded to the trial court for specific findings. The trial court's findings and subsequent order were affirmed by the Supreme Court on June 19, 1975.

Thereafter, on February 3, 1976, Central petitioned the Novi Board of Appeals for a variance

---

* Circuit judge, sitting on the Court of Appeals by assignment.

to erect a certain off-premises advertising sign. The petition was denied on March 2, 1976.

On October 1, 1976, Central commenced the instant action, seeking damages, injunctive relief and a declaration that:

"* * * Sections 2.01, 3.01 and 4.01 of the Defendant's Ordinance No. 74-68 to be [are] invalid for the reason that it prohibits and excludes Plaintiff's off-premises advertising signs from within the City of Novi."[1]

Central filed a six-count complaint which made various overlapping claims for damages based on defendant's intentional interference with plaintiff's business relationships and defendant's intentional violation of plaintiff's Federal constitutional rights to free speech, due process and equal protection. The civil rights claims apparently were based on 42 USC 1983.[2]

Plaintiff moved for summary judgment claiming that the ordinance was invalid as a matter of law

---

[1] Section 2.01 prohibited signs not expressly permitted by the ordinance. Section 3.01 described various permitted signs and specifically permitted certain on-premises advertising signs. Section 4.01(1)(1) prohibited "off premise signs and off premises advertising signs".

[2] While plaintiff's complaint does not mention a particular statute or cause of action in connection with its civil rights claims, it is clear on appeal that plaintiff intended to state a claim under 42 USC 1983, which provides:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

A plaintiff who makes out a claim under § 1983 is entitled to various forms of relief, including money damages. *Myers v Anderson,* 238 US 368; 35 S Ct 932; 59 L Ed 1349 (1914). State as well as Federal courts have jurisdiction to enforce a plaintiff's rights under § 1983. See *Armstrong v Ross Twp,* 82 Mich App 77, 83-87; 266 NW2d 674 (1978).

because it prohibited all off-premises advertising signs within the City of Novi. On November 24, 1976, the trial judge granted partial summary judgment to plaintiff. The court enjoined the defendant from enforcing § 4.01(1)(1) of the ordinance but also held that off-premises advertising signs had to comply with § 3.01. See footnote 1.

Defendant appealed to this Court and plaintiff cross-appealed. On September 14, 1977, in an unpublished per curiam opinion (Docket No. 31153, decided September 14, 1977 [unreported]), this Court relied on *Ann Arbor, supra,* and affirmed the trial court's determination that the ordinance impermissibly prohibited off-premises signs. However, the Court concluded that § 3.01 did not regulate off-premises signs and reversed the trial court on this issue. Leave to appeal was denied by the Supreme Court on November 30, 1977, and the case was returned to the trial court for consideration of the claims for damages. 402 Mich 823 (1977).

On February 14, 1978, defendant moved for summary judgment claiming that plaintiff had failed to state a claim upon which relief could be granted because its claims were barred by governmental immunity. The trial court accepted defendant's argument on March 16, 1978, and ruled:

"This Court does not consider the action taken by the Defendant City of Novi in adoption of the ordinance in question which this Court later declared invalid to be a tort action and I am going to grant the motion for summary judgment to Defendant on the basis that the City of Novi is immune and does not come within the statutory exception to a municipal immunity for a tort action."

Central moved to file an amended complaint on

May 3, 1978. Central wished to add members of the Novi City Council, Planning Commission, Board of Appeals and the Novi Director of Building and Safety as defendants.

On May 31, 1978, the trial court entered an order of summary judgment in favor of defendant. The trial court also denied plaintiff's motion to file an amended complaint. The corresponding order was filed June 12, 1978.

Thereafter, on June 15, 1978, plaintiff filed a motion for rehearing on the entry of summary judgment. Plaintiff argued that the trial court's ruling that defendant was immune from damage suits was erroneous in light of *Monell v Dep't of Social Services of the City of New York,* 436 US 658; 98 S Ct 2018; 56 L Ed 2d 611 (1978), which had been decided on June 6, 1978. Plaintiff also moved to set aside the order denying its motion to amend the complaint. The motions were denied and plaintiff now appeals.

We are faced with two primary issues on appeal: Did the trial court properly grant summary judgment to the defendant because plaintiff failed to state a claim upon which relief can be granted? Did the trial court abuse its discretion in denying plaintiff's motion to amend its pleading by adding defendants?

In determining the propriety of summary judgment under GCR 1963, 117.2(1), we are limited to a review of the pleadings alone. Every well-pled allegation is assumed to be true. We must determine if plaintiff's claims are so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery. See Bashara, *The Elusive Summary Judgment Rule: Sifting Through the Maze,* 1976 Detroit Col L Rev 397, 401-402. Since plaintiff is suing a governmental

unit, it must plead facts in avoidance of governmental immunity to state an actionable claim. *Butler v Wayne County Sheriff's Dep't,* 75 Mich App 202, 203; 255 NW2d 7 (1977).

Plaintiff's claims involve the tort of intentional interference with business and contractual relationships and alleged causes of action based on the deprivation of constitutional rights. We consider the tort claim first.

MCL 691.1407; MSA 3.996(107) is the controlling statutory provision for governmental immunity. This section provides:

> "Except as in this act otherwise provided, all governmental agencies shall be immune from tort liability in all cases wherein the government agency is engaged in the exercise and discharge of a governmental function. Except as otherwise provided herein, this act shall not be construed as modifying or restricting the immunity of the state from tort liability as it existed heretofore, which immunity is affirmed."

Since none of the statutory exceptions apply to this case,[3] we must determine if defendant was engaged in the exercise and discharge of a governmental function when it passed and enforced its sign ordinance.

The meaning of the phrase "engaged in the exercise and discharge of a governmental function" is an issue which has sharply divided our Supreme Court. However, in *Parker v Highland*

[3] Statutory exceptions to the general grant of governmental immunity include MCL 691.1402; MSA 3.996(102) (failure to keep highways fit and safe for travel), MCL 691.1405; MSA 3.996(105) (negligent operation of a motor vehicle), and MCL 691.1406; MSA 3.996(106) (dangerous and defective building). Further, statutory governmental immunity does not extend to actions to recover for bodily injury or property damage arising out of the performance of a proprietary function, *i.e.,* any activity conducted primarily for the purpose of producing a pecuniary profit. MCL 691.1413; MSA 3.996(113).

*Park,* 404 Mich 183, 193-194; 273 NW2d 413 (1978), three justices concluded:

"* * * We would limit the term 'governmental function' to those activities *sui generis* governmental—of essence to governing. This principle was recognized in *Lykins v Peoples Community Hospital,* 355 F Supp 52, 53 (ED Mich, 1973):

" 'This court does not believe the statutory scheme contemplates immunity for the day-to-day operations of a hospital. The statute speaks of immunity for "governmental functions," and this court is of the opinion that while it may be an appropriate goal or objective of government to establish a hospital authority, it does not follow that the daily operations of such a hospital authority constitute a governmental function. Governmental functions more properly refer to the tasks of governing. There is, for example, a governmental character to activities such as the collection of taxes or the operation of a court system. But the services of healing offered by a public hospital are not governmental functions.' "

In a concurring opinion in *Parker, supra,* at 200, Justice MOODY offered a similar test:

"To delineate a complete and balanced definition of governmental function within a simplistic format would be presumptuous. However, as a basic guideline, the crux of the governmental essence test should be founded upon the inquiry whether the purpose, planning and carrying out of the activity, due to its unique character or governmental mandate, can be effectively accomplished only by the government. Unless liability would be an unacceptable interference with government's ability to govern, activities that fall outside this parameter, although performed by a government agency, are not governmental functions and therefore not immune."

There is no question that a municipal legislative

body has a general grant of authority to control uses such as signs and billboards within its jurisdiction. Const 1963, art 7, § 22 provides that municipalities shall have the power to adopt resolutions and ordinances relating to their municipal concerns, property and government. The home-rule act, MCL 117.1 *et seq.;* MSA 5.2071 *et seq.,* further authorizes a municipality to provide in its charter:

"For licensing, regulating, restricting and limiting the number and locations of billboards within the city." MCL 117.4i(5); MSA 5.2082(5).

However, a home-rule city cannot altogether prohibit off-premises advertising signs. *Central Advertising Co v Ann Arbor, supra.*

The specific tortious activity alleged in the instant case is the enactment and enforcement by the city of an ordinance regulating the display of signs within the defendant's jurisdiction. Plaintiff alleged that the ordinance effectively excluded all off-premises signs, thereby interfering with the plaintiff's business relationships and creating liability in the city for plaintiff's damages.

It is true that the part of defendant's sign ordinance which prohibited off-premises advertising signs has been found invalid by a trial court and this Court. But the mere fact that an ordinance has been invalidated does not strip the city of its mantle of governmental immunity. At common law, the defendant would have been immune from liability under the present circumstances. See *Williams v Detroit,* 364 Mich 231, 261; 111 NW2d 1 (1961), *Stevens v Muskegon,* 111 Mich 72; 69 NW 227 (1896), 57 Am Jur 2d, *Municipal, School, & State Tort Liability,* § 116, pp 124-125. Even under the tests announced in *Parker, supra,* it is appar-

ent that the passage and enforcement of a regulatory ordinance falls within the "essence of government" and can be "effectively accomplished only by government". See *Thomas v Dep't of State Highways,* 398 Mich 1, 20-21, 22, 32, 34; 247 NW2d 530 (1976) (dissenting opinions of KAVANAGH, FITZGERALD and LEVIN, JJ.), *Kethman v Oceola Twp,* 88 Mich App 94, 102-103; 276 NW2d 529 (1979), *Armstrong v Ross Twp,* 82 Mich App 77, 82; 266 NW2d 674 (1978). Accordingly, we hold that the City of Novi is immune from plaintiff's tort claim and the trial judge properly granted summary judgment on that claim.

We now come to the most difficult part of this case—defendant's alleged interference with plaintiff's Federal constitutional rights. Since these claims were not based on tort theory, they should not have been disposed of in the trial court's grant of summary judgment to defendant on the grounds of state governmental immunity. Rather than remand the constitutional claims to the trial court, however, we will review the issue. If the trial court reached the right result for the wrong reason, we will not disturb his ruling. See *Queen Ins Co v Hammond,* 374 Mich 655, 658-659; 132 NW2d 792 (1965).

Until recently, municipal corporations such as defendant were held not to be "persons" subject to liability under 42 USC 1983. *Monroe v Pape,* 365 US 167; 81 S Ct 473; 5 L Ed 2d 492 (1961). However, on June 6, 1978, six days after judgment for defendant was entered in the instant case, the Supreme Court issued its opinion in *Monell v Dep't of Social Services of the City of New York, supra,* overruling *Monroe.* Despite *Monell,* local government bodies may retain some immunity from claims made under § 1983. See *Monell, supra,*

at 700, 712-713. In fact, it is very possible that the tests for immunity discussed in *Armstrong, supra,* at 85-87, are still valid.

Having made these observations, we nevertheless conclude that plaintiff has failed to state a claim under 42 USC 1983 for two reasons.[4]

First, mere conclusions, without factual allegations to support them, will not withstand a motion for summary judgment. *Valentine v Michigan Bell Telephone Co,* 388 Mich 19, 30; 199 NW2d 182 (1972), *Sottile v DeNike,* 20 Mich App 468, 472; 174 NW2d 148 (1969), and see GCR 1963, 111.1(1). In the instant case, plaintiff's complaint never mentions § 1983 and presents claims of civil rights violations in an unorganized and conclusionary manner, thereby violating GCR 1963, 111.1(1) and justifying summary judgment for failure to state a claim.

Second, a party fails to state a claim upon which relief can be granted where recovery is alleged pursuant to a statute which does not apply to the factual situation under consideration. See *Powers v City of Troy,* 380 Mich 160; 156 NW2d 530 (1968), *Hoag v Paul C Chapman & Sons, Inc,* 62 Mich App 290, 300-301; 233 NW2d 530 (1975). In evaluating a claim, we look beyond verbiage to determine the substance of the cause of action pled. See *e.g. Nicholson v Han,* 12 Mich App 35; 162 NW2d 313 (1968). Here, plaintiff successfully challenged the extent of defendant's sign regula-

---

[4] We note that there may be a third reason as well. If the *Armstrong* immunity tests are still viable, plaintiff may have been required to plead facts in avoidance of immunity. See *Armstrong, supra,* at 86, but see *Pinckney v County of Northhampton,* 433 F Supp 373, 378 (ED Penn, 1976). If plaintiff did not plead the required facts, summary judgment for failure to state a claim may have been appropriate for that reason alone. However, since *Monell* expressly avoided the immunity question and we need not address it, we rest our decision on other grounds.

tory powers under Michigan's home-rule act. The case really has nothing to do with plaintiff's Federal constitutional rights. The mere fact that plaintiff alleges or argues that its claim is based on § 1983 does not magically transform the action into something it is not. See *Martin v Hancock,* 466 F Supp 454, 456 (DC Minn 1979), *Zarcone v Perry,* 438 F Supp 788, 790 (ED NY 1977), *aff'd* 581 F2d 1039 (1978).

The foregoing analysis is buttressed by the fact that New York permits the prohibition of certain off-premises billboards and has not been rebuffed by the United States Supreme Court. See *Modjeska Sign Studios, Inc v Berle,* 43 NY2d 468; 373 NE2d 255 (1977), *appeal dismissed* 439 US 809; 99 S Ct 66; 58 L Ed 2d 101 (1978), and *Suffolk Outdoor Advertising Co v Hulse,* 43 NY2d 483; 373 NE2d 263 (1977), *appeal dismissed* 439 US 808; 99 S Ct 66; 58 L Ed 2d 101 (1978). In *Modjeska,* plaintiff argued it was being deprived of property without due process and hindered in its exercise of free speech; in *Suffolk,* plaintiff argued its right to free speech was being violated. The New York Court of Appeals rejected both arguments and the United States Supreme Court dismissed the appeals for want of a substantial Federal question.[5]

Plaintiff's final argument deals with the trial court's denial of its motion to add defendants. The

---

[5] While the Supreme Court's dismissals may or may not conclusively establish that an ordinance banning off-premises signs does not infringe on Federal due process or free speech rights, see *Hicks v Miranda,* 422 US 332, 344; 95 S Ct 2281; 45 L Ed 2d 223 (1975), and *Metromedia Inc v San Diego,* 154 Cal Rptr 212, 223; 592 P2d 728 (1979), but see *Mandel v Bradley,* 432 US 173, 175-176; 97 S Ct 2238; 53 L Ed 2d 199 (1977), we are not inclined to ignore the Supreme Court's actions altogether.

We also note that several recent decisions in other jurisdictions have held that a community can entirely prohibit off-site advertising without offending the United States Constitution. See *Metromedia, supra,* and cases cited therein.

granting or denial of a motion to amend a pleading or to add parties is discretionary with the trial court. *Matson v Soronen,* 57 Mich App 190, 193; 226 NW2d 52 (1974); GCR 1963, 118.1; GCR 1963, 207. We find no abuse of discretion in this case.

Part of the case had been appealed to this Court and the Supreme Court, and the trial judge had already decided to grant summary judgment to the defendant on plaintiff's claims for damages before plaintiff moved to add defendants. Plaintiff's motion appears to have been a last minute attempt to rescue its § 1983 claim from the holding of *Monroe, supra,* which excluded municipal corporations from liability under that statute. But plaintiff should have been aware of the *Monroe* holding from the beginning of the case. In effect, plaintiff was asking the trial judge to permit it to add an entirely new cause of action. Thus, even if § 1983 arguably applied to this case, the trial court's denial of plaintiff's motion was a proper exercise of discretion. We do not think justice would have been served by adding new defendants.

In summary, plaintiff's tort claim against defendant was properly disposed of by summary judgment under GCR 1963, 117.2(1) on the grounds of governmental immunity. The defendant's adoption and enforcement of a regulatory sign ordinance, an activity specifically permitted by state statute, was of the "essence of government".

Plaintiff's constitutional claims apparently were based on 42 USC 1983, a statute which was not mentioned in plaintiff's complaint. These claims were subject to summary judgment under GCR 1963, 117.2(1) because the claims were conclusory and were premised on a statute which does not apply to the case.

Finally, even assuming § 1983 applied to this

case, the trial judge did not abuse his discretion in denying plaintiff's unreasonably tardy motion to add defendants and, in effect, add a new cause of action.

Affirmed. No costs, a public question being involved.