LANDSFIELD v R J SMITH CONTRACTORS, INC

Docket No. 59303. Submitted March 23, 1983, at Detroit.—Decided
September 14, 1983. Leave to appeal applied for.

Plaintiffs, Frank R. and Dorothy Landsfield, contracted with
defendant R. J. Smith Contractors, Inc., for the construction of
their home in 1971. Prior to the completion of the residence,
defendant Robert Troy, the East China Township Building
Inspector, inspected the property and issued a certificate of
compliance with the township building code. After the resi-
dence was completed and the Landsfields moved in, they ob-
served cracks and separations in the walls of the premises. In
1979, plaintiffs brought an action against defendants in the St.
Clair Circuit Court, alleging that Smith Contractors failed to
comply with the contract and building code and that Mr. Troy
breached his duty to inspect the premises and determine
whether it complied with the building code. The court, James
T. Corden, J., granted accelerated judgment for Troy. Plaintiffs
appealed. Troy cross-appealed, claiming that the trial court
erred in not granting summary judgment on the basis of
governmental immunity. *Held:*

A public employee is protected by governmental immunity
only if his tortious conduct falls within the scope of his employ-
ment. A negligent act falls within the scope of a public employ-
ee's employment only if the duty breached is imposed because
of his public employment. Mr. Troy's duty was dependent upon
his public employment. Therefore, he is entitled to the protec-
tion of governmental immunity.

Reversed and remanded to the trial court with instructions to
enter summary judgment in favor of defendant Robert Troy.

MACKENZIE, J., dissented. She believed that the proper test
for determining whether a person employed by a government
agency is protected by governmental immunity is whether the
negligent act complained of is ministerial or discretionary and
that even if the government agency is engaged in the exercise
or discharge of a governmental function, the public employee is

REFERENCES FOR POINTS IN HEADNOTES
[1] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 88.
[2] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 45.

personally liable for his negligent act if it was merely ministerial rather than discretionary. She would affirm the accelerated judgment on the basis of the bar of the statute of limitations to the action.

### OPINION OF THE COURT

1. GOVERNMENTAL IMMUNITY — PUBLIC EMPLOYEES — SCOPE OF EMPLOYMENT TEST.

A public employee is protected by governmental immunity only if his tortious conduct falls within the scope of his employment; a negligent act falls within the scope of a public employee's employment only if the duty breached is imposed because of his public employment; the duty must be dependent upon public employment.

### DISSENT BY MACKENZIE, J.

2. GOVERNMENTAL IMMUNITY — PUBLIC EMPLOYEES — DISCRETIONARY-MINISTERIAL TASK.

*The proper test for determining whether a person employed by a government agency is protected by governmental immunity is whether the negligent act complained of is ministerial or discretionary; even if the government agency is engaged in the exercise or discharge of a government function, the public employee is personally liable for his negligent act if it was merely ministerial rather than discretionary.*

*J. Thomas McGovern,* for plaintiff.

*McKay, Murphy & Guerre, P.C.* (by *Libby Altman Berngard),* for defendant Troy.

Before: R. M. MAHER, P.J., and MACKENZIE and M. B. BREIGHNER,* JJ.

PER CURIAM. Plaintiffs appeal from the trial court's order granting defendant Robert Troy's motion for accelerated judgment pursuant to GCR 1963, 116.1(5). Mr. Troy cross-appeals from the trial court's denial of his motion for summary judgment pursuant to GCR 1963, 117.2(3).

* Circuit judge, sitting on the Court of Appeals by assignment.

On May 24, 1971, plaintiffs contracted with defendant R. J. Smith Contractors, Inc. (Smith), for the construction of their residence. Shortly before the completion of the project, Mr. Troy, the building inspector for the Township of East China, inspected the structure. According to the complaint, Mr. Troy assured the plaintiffs that the structure was free of defects, even though the walls displayed cracks and separations. In July, 1979, plaintiffs commenced this action. Count I of the complaint alleged that Smith had failed to comply with the contract and with the building code of the township. Count II alleged that Mr. Troy breached his duty to inspect the plaintiffs' residence to determine whether it complied with the township's building code.

We find that Mr. Troy's claim on cross-appeal is dispositive and, therefore, we decline to address plaintiffs' allegation of error.

Mr. Troy moved for summary judgment on the ground that he was entitled to governmental immunity. This Court is divided on the proper standard to apply in assessing a public employee's claim that he is entitled to governmental immunity. Some panels subscribe to the ministerial-discretionary test. See, *e.g., Willis v Nienow,* 113 Mich App 30; 317 NW2d 273 (1982). Other panels have held that a public employee is immune from liability for negligence arising out of acts performed within the scope of employment. See, *e.g., Gaston v Becker,* 111 Mich App 692; 314 NW2d 728 (1981). We follow the "scope of employment test". Under that test, a public employee is immune from liability for negligence only if the duty allegedly breached is imposed upon him because of the public nature of his employment. *Davis v Lhim,* 124 Mich App 291; 335 NW2d 481 (1983). In

the present case, Mr. Troy's duty to determine whether plaintiffs' residence complied with the building code of the township is basically a public duty. Therefore, Mr. Troy is entitled to governmental immunity. The trial court erred in ruling otherwise.

Reversed and remanded to the trial court with instructions to enter summary judgment in favor of defendant Robert Troy.

Reversed and remanded. No costs, a significant public question being involved.

MacKENZIE, J. *(dissenting)*. I cannot agree with the majority's conclusion that defendant Troy was entitled to summary judgment on the ground that he is protected by governmental immunity. I believe the proper test for determining whether a person employed by a government agency is protected by governmental immunity is whether the negligent act complained of is ministerial or discretionary; even if the government agency is engaged in the exercise or discharge of a governmental function, the public employee is personally liable for his negligent act if it was merely ministerial rather than discretionary. *Layton v Quinn,* 120 Mich App 708; 328 NW2d 95 (1982); *Willis v Nienow,* 113 Mich App 30; 317 NW2d 273 (1982); *Antkiewicz v Motorists Mutual Ins Co,* 91 Mich App 389; 283 NW2d 749 (1979), *vacated on other grounds* 407 Mich 936 (1979); *Armstrong v Ross Twp,* 82 Mich App 77; 266 NW2d 674 (1978). In *Armstrong, supra,* pp 84-85, it was held that a building inspector's refusal to grant a building permit was a ministerial, not discretionary, act. Similarly, in the present case defendant Troy's allegedly negligent act of approving the construction on plaintiffs' home as complying with the township's building code was a ministerial act.

That act involved a simple determination of whether the construction met the specifications set forth in the building code. I would find that the trial court properly denied defendant Troy's motion for summary judgment.

In view of the above, it is necessary to address the accelerated judgment issue not addressed by the majority. I conclude that the trial court properly granted defendant Troy's motion for accelerated judgment on the ground that the limitations period had run. It is undisputed that the applicable limitations period is three years under MCL 600.5805(7); MSA 27A.5805(7), and that the time of accrual is governed by MCL 600.5827; MSA 27A.5827, which provides in pertinent part that a claim accrues "at the time the wrong upon which the claim is based was done regardless of the time when damage results". The Court in *Connelly v Paul Ruddy's Equipment Repair & Service Co,* 388 Mich 146, 150; 200 NW2d 70 (1972), explained that accrual occurs under § 5827 when the following four elements have occurred and can be alleged in a proper complaint:

"(1) The existence of a legal duty by defendant toward plaintiff.

"(2) The breach of such duty.

"(3) A proximate causal relationship between the breach of such duty and an injury to the plaintiff.

"(4) The plaintiff must have suffered damages."

Although *Connelly* involved a claim of tortious injury to person, this Court has applied the *Connelly* analysis to claims of tortious injury to property. *Malesev v Wayne County Road Comm'rs,* 51 Mich App 511; 215 NW2d 598 (1974).

Plaintiffs' complaint, filed in 1979, alleged that in 1971 defendant Troy negligently approved the

construction as complying with the building code and that since late 1971 plaintiffs had continually complained of cracking and separation in the walls and floor of their home. Plaintiffs' complaint clearly indicates that all four elements, including the suffering of damages, were present in 1971. Although plaintiffs' complaint alleges that the other defendant in this case, R. J. Smith Contractors, Inc., assured plaintiffs the cracking and separation was normal and that plaintiffs did not discover their cause of action until later, the test set forth in *Connelly, supra,* is not a discovery rule of accrual, and consequently this allegation is irrelevant. Plaintiffs assert on appeal that the trial court, in granting accelerated judgment for defendant Troy, erroneously made a factual determination as to when plaintiffs discovered their cause of action. However, the trial court's opinion reflects that it did not apply a discovery rule of accrual but rather applied the *Connelly* test, and the court properly found that plaintiffs' action accrued in 1971. Thus, I would affirm the court's grant of accelerated judgment to defendant Troy on the basis of the statute of limitations.