REID v ALLEN

Docket No. 68004. Submitted November 3, 1983, at Detroit.—Decided
April 2, 1984.

Paul Reid and a friend, both minors, went to a closed Marathon
gas station to repair a bicycle inner tube. They used a 55-gallon
drum as a workbench. When a match was lit to heat the glue
for the inner tube, the drum exploded, injuring Reid and killing
his friend. Reid, by his next friend, Eldress Reid, and Eldress
Reid individually, sue Larnell Allen, owner of the Marathon
station, the City of Detroit, Anthony Jackson, an inspector for
the city's Fire Marshal Division, and others in the Wayne
Circuit Court. The complaint against the city and its employee
alleged negligent inspection and enforcement of a city ordi-
nance governing storage of flammables. The court, Susan D.
Borman, J., granted summary judgment for the city and its
employee. Plaintiffs appealed. *Held:*

A city's inspection of properties as part of the enforcement of
city ordinances constitutes the discharge of a governmental
function and both the city and its employees are immune from
negligence in carrying out that activity.

SHEPHERD, J., wrote separately to urge the Supreme Court
and the Legislature to address the inequity in the present law.

Affirmed

BRONSON, P.J., dissented. He would hold that a city should
not be immune from liability where the injury occurred as a
result of the city's failure to enforce its own ordinance.

OPINION OF THE COURT

1. GOVERNMENTAL IMMUNITY — ENFORCEMENT OF ORDINANCES —
   INSPECTIONS OF PROPERTY — GOVERNMENTAL FUNCTIONS.
   A city's inspection of properties as part of the enforcement of city

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 114.
Liability of municipal corporation for negligent performance of
building inspector's duties. 41 ALR3d 567.

[2] 57 Am Jur 2d, Municipal, School, and State Tort Liability §§ 85,
88.

ordinances constitutes the discharge of a governmental function.

2. GOVERNMENTAL IMMUNITY — PUBLIC EMPLOYEES — SCOPE OF EMPLOYMENT TEST.

A public employee is protected by governmental immunity only if his tortious conduct falls within the scope of his employment; a negligent act falls within the scope of a public employee's employment only if the duty breached is imposed because of his public employment; the duty must be dependent upon public employment.

DISSENT BY BRONSON, P.J.

3. GOVERNMENTAL IMMUNITY — ENFORCEMENT OF ORDINANCES — MUNICIPAL CORPORATIONS.

*A city should not be immune from liability where the injury occurred as a result of the city's failure to enforce its own ordinance.*

*Joseph P. Kierpiec,* for plaintiffs.

*Hilda H. Hirata,* Assistant Corporation Counsel, for defendant City of Detroit.

Before: BRONSON, P.J., and SHEPHERD and J. P. SWALLOW,* JJ.

J. P. SWALLOW, J. Plaintiffs appeal as of right from the trial court's order granting summary judgment to defendants City of Detroit and the city's employee, Anthony Jackson, for failure to state a claim upon which relief may be granted. Plaintiffs also appeal from the subsequent order denying their motion for rehearing.

On August 19, 1977, plaintiff Paul Reid, who was then 12 years old, and a friend, also a minor, went to a Marathon gas station to repair a bicycle inner tube. The boys used a 55-gallon drum as a workbench. When Reid's friend lit a match in order to heat the glue used to apply the patch, the

* Circuit judge, sitting on the Court of Appeals by assignment.

drum exploded, killing the friend and severely burning plaintiff Paul Reid.

Plaintiffs filed suit against several parties and eventually added the City of Detroit and Anthony Jackson as defendants, alleging negligent inspection of the service station premises. It is alleged that on May 13, 1977, an inspection of the premises was conducted by the city's Fire Marshal Division, specifically by the city's employee, Anthony Jackson. No violations were cited at that time. However, shortly after the explosion occurred, on August 22, 1977, a notice of violation was served on the station owner for violation of city ordinance 459E, § 416, governing storage of flammables. Summary judgment was granted to the city and defendant Jackson on the basis of governmental immunity. We discuss the liability of defendants-appellants separately below.

LIABILITY OF DEFENDANT CITY OF DETROIT

Although plaintiffs request this Court to reverse the judgment in favor of defendant city, their appellate brief pertains entirely to the liability of the city's employee, Anthony Jackson. Plaintiffs do not argue that the city's inspection did not involve the exercise or discharge of a governmental function. MCL 691.1407; MSA 3.996(107). In any event, we hold that the city's inspection of the premises as part of the enforcement of city ordinances did constitute the discharge of a governmental function. See, *e.g., Randall v Delta Charter Twp,* 121 Mich App 26, 30-33; 328 NW2d 562 (1982); *Central Advertising Co v City of Novi,* 91 Mich App 303, 313-314; 283 NW2d 730 (1979).

We conclude that summary judgment was properly granted to defendant City of Detroit.

## LIABILITY OF THE INDIVIDUAL EMPLOYEE

We agree with panels of the Court which have held that an employee of an agency engaged in the exercise or discharge of a governmental function is immune from liability for negligence arising out of acts performed within the scope of his or her employment, so long as the duty allegedly breached is imposed upon the employee because of the public nature of his or her employment. See, *e.g., Landsfield v R J Smith Contractors, Inc,* 128 Mich App 704; 341 NW2d 184 (1983) (MACKENZIE, J., *dissenting); Davis v Lhim,* 124 Mich App 291; 335 NW2d 481 (1983) (CYNAR, J., *dissenting).*

In the present case, plaintiffs do not assert that defendant Jackson's negligence occurred outside the scope of his duties as a city inspector. The duty allegedly breached by Jackson was imposed upon him because of the public nature of his employment. Under the scope of employment standard as described above, defendant Jackson was immune from liability for his alleged negligence in inspecting the premises. Summary judgment was properly granted to defendant Jackson.

Affirmed.

SHEPHERD, J. *(concurring).* I adopt the opinion of Judge SWALLOW but wish to add that the remedy suggested by Judge BRONSON that "[t]he fear that abolishing the governmental immunity doctrine will subject govenmental units to liability for vast sums of money would be better remedied by placing a dollar cap on recovery"—is a matter which in my opinion must be addressed to the Legislature. My view of the law as it is, requires the opinion of Judge SWALLOW in this case to prevail even though I have a great deal of sympathy for the point of view advocated by Judge BRONSON and

would welcome a definitive statement either by the Michigan Supreme Court or the Legislature which would both clarify and remedy the present confusion and inequities that exist in the present state of the law.

BRONSON, P.J. *(dissenting)*. I respectfully dissent. I do not agree that the city should be immune from liability where plaintiff allegedly was injured as a result of the city's failure to enforce *its own ordinance.* This case represents a particular example of the injustices created by blanket application of the doctrine of governmental immunity.

The majority holding imposes the risks of negligent activity by the City of Detroit on one family, the Reids. The fear that abolishing the governmental immunity doctrine will subject governmental units to liability for vast sums of money would be better remedied by placing a dollar cap on recovery. For a more detailed exposition of my views on the perpetuation of this archaic doctrine, see *Berger v City of Berkley,* 87 Mich App 361, 371-376; 275 NW2d 2 (1978) (BRONSON, J., *concurring), lv den* 406 Mich 969 (1979), and *Pope v McIntyre,* 124 Mich App 144, 147; 333 NW2d 612 (1983) (BRONSON, J., *concurring).*