LANDSFIELD v R J SMITH CONTRACTORS, INC (ON REMAND)

Docket No. 85071. Submitted May 22, 1985, at Lansing.—Decided October 22, 1985.

Plaintiffs, Frank R. and Dorothy Landsfield, contracted with defendant R. J. Smith Contractors, Inc., for the construction of their home in 1971. Prior to the completion of the residence, defendant Robert Troy, the East China Township Building Inspector, inspected the property and issued a certificate of compliance with the township building code. After the residence was completed and the Landsfields moved in, they observed cracks and separations in the walls of the premises. In 1979, plaintiffs brought an action against defendants in the St. Clair Circuit Court, alleging that Smith Contractors failed to comply with the contract and building code and that Mr. Troy breached his duty to inspect the premises and determine whether it complied with the building code. The court, James . T. Corden, J., granted accelerated judgment for Troy on the ground that the limitation period applicable to the claim had run. The court also denied Troy's motion for summary judgment on the basis of governmental immunity. Plaintiffs appealed. Troy cross-appealed, claiming that the trial court erred in not granting summary judgment on the basis of governmental immunity. The Court of Appeals reversed and remanded to the trial court with instructions to enter summary judgment in favor of Robert Troy, holding that a public employee is protected by governmental immunity only if his tortious conduct falls within the scope of his employment, that a negligent act falls within the scope of a public employee's employment only if the duty breached is imposed because of his public employment, and that Troy was entitled to the protection of governmental immunity because his duty was dependent upon his public employment, 128 Mich App 704 (1983). Plaintiffs sought

REFERENCES FOR POINTS IN HEADNOTE

Am Jur 2d, Municipal, School, and State Tort Liability §§ 85-93.

Modern status of rule excusing governmental unit from tort liability on theory that only general, not particular, duty was owed under circumstances. 38 ALR4th 1194. And see the annotations in the ALR3d/4th Quick Index under Governmental Immunity or Privilege.

leave to appeal to the Supreme Court, which, in lieu of granting leave to appeal, vacated the decision of the Court of Appeals and remanded the case to the Court of Appeals for further consideration in light of the Supreme Court's opinion in *Ross v Consumers Power Co (On Reh)*, 420 Mich 567; 363 NW2d 641 (1984). 422 Mich 888 (1985). On remand, *held:*

1. In *Ross* the Supreme Court rejected the "scope of employment" test in favor of a "discretionary-decisional" versus a "ministerial-operational" test. The execution of a ministerial-operational" act must be performed in a nontortious manner. The determination by Troy of whether the construction met the specifications set forth in the building code was ministerial-operational in nature. Troy is not entitled, under the Supreme Court's holding in *Ross*, to governmental immunity. The trial court's denial of Troy's motion for summary judgment based on individual immunity is therefore affirmed.

2. The trial court properly granted Troy's motion for accelerated judgment based on the statute of limitations.

Affirmed.

TORTS — GOVERNMENTAL IMMUNITY — DISCRETIONARY-DECISIONAL ACTS — MINISTERIAL-OPERATIONAL ACTS.

Lower level government officials, employees, and agents are entitled to governmental immunity from tort liability only when they are (1) acting during the course of their employment and acting, or reasonably believe they are acting, within the scope of their authority, (2) acting in good faith, and (3) performing discretionary-decisional acts, as opposed to ministerial-operational acts; discretionary-decisional acts are those which require significant personal deliberation, decision and judgment, but do not encompass every trivial decision which may be involved in performing an activity; ministerial-operational acts are those which primarily constitute an obedience to orders or the performance of a duty but which may also involve minor decision-making.

*J. Thomas McGovern,* for plaintiffs.

*McKay, Murphy & Guerre, P.C.* (by *Libby Altman Berngard),* for Robert Troy.

ON REMAND

Before: R. M. MAHER, P.J., and MACKENZIE and T. M. BURNS, JJ.

PER CURIAM. When this case was originally before this Court, *Landsfield v R J Smith Contractors, Inc,* 128 Mich App 704; 341 NW2d 184 (1983), we held (Judge MACKENZIE dissenting) that defendant Robert Troy was immune from liability under the "scope of employment" test, in that the duty allegedly breached was imposed because of the public nature of his employment. Plaintiffs sought leave to appeal to the Supreme Court. In lieu of granting leave to appeal, the Supreme Court vacated our decision and remanded for further consideration in light of its opinion in *Ross v Consumers Power Co (On Rehearing),* 420 Mich 567; 363 NW2d 641 (1984).

In *Ross, supra,* the Supreme Court rejected the "scope of employment" test in favor of a "discretionary-decisional versus ministerial-operational" test. The Supreme Court explained the distinction as follows:

" 'Discretionary' acts have been defined as those which require personal deliberation, decision and judgment. Prosser, *supra,* 132, p 988. This definition encompasses more than quasi-judicial or policy-making authority, which typically is granted only to members of administrative tribunals, prosecutors, and higher level executives. However, it does not encompass every trivial decision, such as 'the driving of a nail,' which may be involved in performing an activity. For clarity, we would add the word 'decisional' so the operative term would be 'discretionary-decisional' acts.

" 'Ministerial' acts have been defined as those which constitute merely an obedience to orders or the performance of a duty in which the individual has little or no choice. *Id.* We believe that this definition is not sufficiently broad. An individual who decides whether to engage in a particular activity and how best to carry it out engages in discretionary activity. However, the actual execution of this decision by the same individual

is a ministerial act, which must be performed in a nontortious manner. In a nutshell, the distinction between 'discretionary' and 'ministerial' acts is that the former involves significant decision-making, while the latter involves the execution of a decision and might entail some minor decision-making. Here too, for clarity, we would add the word 'operational' so the operative term would be 'ministerial-operational' acts." (Footnotes omitted.) *Ross, supra,* 420 Mich 634-635.

As noted in Judge MacKenzie's original dissenting opinion, defendant Troy's negligent act "involved a simple determination of whether the construction met the specifications set forth in the building code". Using the *Ross* terminology, the act was ministerial-operational in nature. Therefore, we affirm the trial court's denial of defendant Troy's motion for summary judgment based on individual immunity.

Having so decided, it is necessary to determine whether the trial court properly granted defendant Troy's motion for accelerated judgment based on the statute of limitations. For the reasons expressed in Judge MacKenzie's original dissenting opinion, 128 Mich App 708-709, we conclude that the trial court correctly granted the motion.

Affirmed. No costs.