# Syllabus

Chief Justice:
Stephen J. Markman

Justices:
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen
Kurtis T. Wilder

**This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.**

Reporter of Decisions:
Kathryn L. Loomis

## FRANK v LINKNER

Docket No. 151888. Argued December 8, 2016 (Calendar No. 4). Decided May 15, 2017.

Ivan Frank, Jeffrey Dwoskin, and others brought a shareholder-oppression action in the Oakland Circuit Court against Joshua Linkner, Brian Hermelin, and others, alleging that defendants had wrongfully distributed the proceeds from the sale of ePrize, LLC (ePrize) and ePrize Holdings, LLC, the limited liability companies in which the parties had varying interests. The operating agreement governing ePrize had been revised in March 2009 to prioritize the payment of company proceeds to those members who had acquired "Series C" membership units by loaning ePrize money in 2007 and 2008. Plaintiffs had not been offered the opportunity to acquire Series C membership units and, as a result, received nothing when ePrize was sold for more than $100 million in August 2012. Plaintiffs' complaint included claims alleging breach of fiduciary duty, breach of contract, and member oppression in violation of MCL 450.4515, a provision of the Limited Liability Company Act, MCL 450.4101 *et seq*. Defendants moved for summary disposition on several grounds, including that the time periods set forth in MCL 450.4515 and MCL 450.4404 for bringing actions alleging member oppression and breach of fiduciary duty were statutes of repose rather than statutes of limitations and, as such, barred plaintiffs' claims because none of the alleged wrongful acts occurred after the Series C units were issued in March 2009, more than three years before the complaint was filed. The court, Colleen A. O'Brien, J., agreed and granted defendants' motion under MCR 2.116(C)(7), dismissing all plaintiffs' claims as untimely under MCL 450.4404 and MCL 450.4515. Plaintiffs appealed. The Court of Appeals, MARKEY, P.J., and MURRAY and BORRELLO, JJ., reversed, holding that MCL 450.4404 did not apply, that the three-year limitation period in MCL 450.4515(1)(e) was a statute of limitations rather than a statute of repose, and that plaintiffs' claims were timely because their claims did not accrue until they suffered a calculable financial injury when ePrize was sold in August 2012. 310 Mich App 169 (2015). The Supreme Court granted defendants' application for leave to appeal. 499 Mich 859 (2016).

In a unanimous opinion by Chief Justice MARKMAN, the Supreme Court *held*:

MCL 450.4515(1)(e) provides alternative statutes of limitations, one based on the time of discovery of the cause of action and the other based on the time of accrual of the cause of action. A cause of action for member oppression within a limited liability company (LLC) accrues at the time an LLC manager has substantially interfered with the interests of a member as a member,

even if that member has not yet incurred a calculable financial injury. In the instant case, plaintiffs' actions accrued when ePrize amended its operating agreement on March 1, 2009, to subordinate plaintiffs' common shares and not in 2012 when ePrize sold substantially all of its assets. As a result, plaintiffs' actions for damages under MCL 450.4515(1)(e) are barred by the three-year statute of limitations unless plaintiffs can establish on remand that they are entitled to tolling pursuant to a mechanism such as MCL 600.5855, the fraudulent-concealment statute.

1. The three-year limitation period set forth in MCL 450.4515(1)(e) constitutes a statute of limitations, not a statute of repose. A statute of limitations is defined as a statute that establishes a time limit for suing in a civil case, and it is generally measured from the date the claim accrues. In contrast, a statute of repose is a statute barring any suit that is brought after a specified time that is measured from some other particular event, such as the date of the last culpable act or omission of the defendant. A statute of repose prevents a cause of action from ever accruing when the injury is sustained after the designated statutory period has elapsed, while a statute of limitations prescribes the time limits in which a party may bring an action that has already accrued. Given that the three-year limitation in MCL 450.4515(1)(e) clearly runs from the date the cause of action has accrued, absent any indication to the contrary, the Legislature is presumed to have intended the three-year limitation period to constitute a statute of limitations.

2. MCL 450.4515(1)(e) provides that a plaintiff must bring a claim for damages within three years of accrual or two years after discovery of the cause of action, whichever occurs first. Read as a whole, MCL 450.4515(1)(e) provides alternative statutes of limitations. The two-year limitation period shortens the amount of time within which a plaintiff must bring a claim by providing only two years after discovery to bring a claim, even if that period terminates sooner than three years after accrual. Under this provision, a plaintiff cannot bring a claim three years after accrual of the cause of action, even if he or she did not discover and reasonably would not have discovered the cause of action during that period. But if the plaintiff can show fraudulent concealment, he or she will still have two years within which to bring the claim from the time he or she discovers or reasonably should have discovered the claim, even if that happens more than three years after accrual.

3. An action for LLC member oppression accrues not when a plaintiff incurs a calculable financial injury, but when a plaintiff incurs the actionable harm under MCL 450.4515. Under MCL 600.5827, a period of limitations runs from the time the claim accrues, and the claim accrues at the time the wrong upon which the claim is based was done, regardless of the time when damage results. The date of the "wrong" referred to in MCL 600.5827 is the date on which the defendant's breach harmed the plaintiff, as opposed to the date on which the defendant breached his or her duty. Therefore, in order to determine when a plaintiff's cause of action for LLC member oppression accrued, a court must determine the date on which the plaintiff first incurred the harms asserted. Under MCL 450.4515, a court may grant relief to a member of an LLC if the member can show that the managers' actions are illegal or fraudulent or constitute willfully unfair and oppressive conduct toward the limited liability company or the member. "Willfully unfair and oppressive conduct" means a continuing course of conduct or a significant action or series of actions that substantially interferes with the interests of the member as a member. Thus, the harm that is actionable under MCL 450.4515 is the substantial interference

with the interests of the member as a member. Plaintiffs argue that their claims did not accrue until they first incurred a calculable financial injury after ePrize sold substantially all of its assets in 2012. However, plaintiffs' argument conflates monetary damages with harm. The actionable harm for a member-oppression claim under MCL 450.4515 consists of actions taken by the managers that substantially interfere with the interests of the member as a member, and monetary damages constitute just one of many potential remedies for that harm. Accordingly, even if plaintiffs did not incur a calculable financial injury until 2012, their actions could still have accrued at an earlier date if their interests as members had been the subject of substantial interference.

4. The alleged substantial interference with plaintiffs' interests as members in this case took place when their shares were subordinated in 2009. At that point, plaintiffs could have sought a remedy under MCL 450.4515(1), including cancellation of provisions of the operating agreement, prohibition of enforcement of those provisions, or a buyout. The subsequent liquidation that occurred was only relevant to the extent plaintiffs could recover monetary damages. Additional damages resulting from the same harm do not reset the accrual date or give rise to a new cause of action. Because plaintiffs' actions accrued on March 1, 2009, the three-year limitation period in MCL 450.4515(1)(e) on claims for monetary damages expired before plaintiffs filed suit on April 19, 2013. Accordingly, plaintiffs' claims for monetary damages are barred unless they can show on remand under MCL 600.5855 that defendants fraudulently concealed the existence of the claim or the identity of any person who is liable for the claim. The trial court should determine on remand whether plaintiffs are entitled to tolling of their claims for damages under this provision.

Court of Appeals judgment affirmed in part and reversed in part; case remanded to the trial court for further proceedings.

©2017 State of Michigan

# OPINION

Chief Justice:
Stephen J. Markman

Justices:
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen
Kurtis T. Wilder

FILED May 15, 2017

STATE OF MICHIGAN

SUPREME COURT

IVAN FRANK, JEFFREY DWOSKIN,
PHILLIP D. JACOKES, ROY
KRAUTHAMER, BLAKE ATLER, MATT
KOVALESKI, JAMES BRUNK, and IJF
HOLDINGS, LLC,

        Plaintiffs-Appellees,

v                               No. 151888

JOSHUA LINKNER, BRIAN HERMELIN,
CRACKERJACK, LLC, formerly known as
EPRIZE, LLC, CRACKERJACK
HOLDINGS, LLC, formerly known as
EPRIZE HOLDINGS, LLC, DAVID
KATZMAN, GARY SHIFFMAN,
ARTHUR WEISS, CAMELOT-EPRIZE,
LLC, BH ACQUISITIONS, LLC, DANIEL
GILBERT, and JAY FARNER,

        Defendants-Appellants.

BEFORE THE ENTIRE BENCH

MARKMAN, C.J.

This case involves a cause of action for member oppression within a limited liability company (LLC) under MCL 450.4515. Specifically, this Court granted leave to appeal to consider: "(1) whether MCL 450.4515(1)(e) constitutes a statute of repose, a statute of limitations, or both; and (2) when the plaintiffs' cause of action accrued." *Frank v Linkner*, 499 Mich 859 (2016). We hold that MCL 450.4515(1)(e) provides alternative statutes of limitations, one based on the time of discovery of the cause of action and the other based on the time of accrual of the cause of action. We further hold that a cause of action for LLC member oppression accrues at the time an LLC manager has substantially interfered with the interests of a member as a member, even if that member has not yet incurred a calculable financial injury. Accordingly, plaintiffs' actions accrued here when ePrize LLC (ePrize) amended its operating agreement on March 1, 2009, to subordinate plaintiffs' common shares and not in 2012 when ePrize sold substantially all of its assets. We affirm in part and reverse in part the judgment of the Court of Appeals and remand to the trial court for further proceedings consistent with this opinion.

## I. FACTS AND HISTORY

Defendant ePrize was founded by defendant Joshua Linkner in 1999 as a Michigan LLC specializing in online sweepstakes and interactive promotions. Plaintiffs are former employees of ePrize who acquired ownership units in ePrize. Plaintiffs allege Linkner orally promised them that their interests in ePrize would never be diluted or subordinated. In 2005, plaintiffs' shares in ePrize were converted into shares in ePrize Holdings, LLC

(ePrize Holdings), whose sole assets were its ownership units in ePrize.[1] In 2007, ePrize ran into financial difficulties and required an infusion of cash. To remedy this problem, ePrize obtained $28 million in loans in the form of "B Notes" from various defendant-members of ePrize and other investors; plaintiffs were not invited to participate in these investments. In 2009, ePrize remained struggling to meet its loan obligations and therefore issued new "Series C Units." These units were offered to various investors, including those who had obtained B Notes.[2] In exchange for the Series C Units, investors were required, among other things, to make capital contributions, guarantee a portion of a $14.5 million loan from Charter One Bank, and convert their B Notes into "Series B Units."

On March 1, 2009, ePrize executed its fifth operating agreement (the Operating Agreement). Pursuant to the Operating Agreement, both the Series C and Series B Units carried distribution priority over the common units held by plaintiffs. The Operating Agreement further provided that if the company were ever sold, Series C Units would receive the first $68.25 million of any available distribution. On August 20, 2012, ePrize sold substantially all of its assets and, pursuant to the Operating Agreement, distributed

---

[1] Plaintiff Ivan Frank worked at ePrize from 2001–2010, serving as ePrize's senior vice president beginning in 2005. As part of his employment, Frank obtained approximately 1% of all shares in ePrize and ePrize Holdings. Accordingly, unlike the other plaintiffs, Frank maintained shares in ePrize after 2005.

[2] With the exception of Frank, who invested approximately $4,200 in exchange for Series C Units, none of the plaintiffs was invited to purchase Series C Units.

nearly $100 million in net proceeds to the holders of Series C and Series B Units.[3] Plaintiffs received nothing for their common shares.

On April 19, 2013, plaintiffs brought various claims against defendants, including claims for LLC member oppression, breach of contract, and breach of fiduciary duty. The trial court granted defendants' motion for summary disposition, concluding that plaintiffs' claims were untimely. The Court of Appeals reversed. *Frank v Linkner*, 310 Mich App 169; 871 NW2d 363 (2015). The Court of Appeals first determined that the "gravamen" of plaintiffs' claims was for member oppression under MCL 450.4515 and analyzed the timeliness of their claims accordingly.[4] *Id*. at 181-182. Next, the Court held that the three-year limitation period in MCL 450.4515(1)(e) constitutes a statute of limitations, rather than a statute of repose, because the limitation period refers to the duration of time within which a plaintiff may bring a claim after the cause of action has accrued. *Id*. at 183-186. Finally, the Court held that plaintiffs' claims did not accrue until 2012, when ePrize sold substantially all of its assets, because until that sale plaintiffs had not incurred a calculable financial injury and any damage claim before that time would have been "speculative." *Id*. at 188-190. Accordingly, the Court concluded that

---

[3] It is unclear from the record exactly how much ePrize received in exchange for the sale of these assets. Plaintiffs claim ePrize was sold for $140 million, while the Court of Appeals states that it was sold for $120 million. However, the exact amount of the sale is largely immaterial, as it is undisputed that after paying its debts ePrize possessed approximately $100 million for distribution to its investors and plaintiffs received nothing for their common shares.

[4] Neither party contests this conclusion, so we decline to address the issue.

4

plaintiffs' claims were timely filed before the expiration of the three-year limitation period. *Id*. at 172.

## II. STANDARD OF REVIEW

Pursuant to MCR 2.116(C)(7), a party may move to dismiss a claim on the grounds that the claim is barred by the applicable statute of limitations. "The question whether a cause of action is barred by the applicable statute of limitations is one of law, which this Court reviews de novo. This Court also reviews de novo a trial court's decision regarding a summary disposition motion." *Seyburn, Kahn, Ginn, Bess, Deitch and Serlin, PC v Bakshi*, 483 Mich 345, 354; 771 NW2d 411 (2009). "In reviewing whether a motion under MCR 2.116(C)(7) was properly decided, we consider all documentary evidence and accept the complaint as factually accurate unless affidavits or other appropriate documents specifically contradict it." *Kuznar v Raksha Corp*, 481 Mich 169, 175-176; 750 NW2d 121 (2008). An issue of statutory interpretation is a question of law that is subject to review de novo. *Putkamer v Transamerica Ins Corp*, 454 Mich 626, 631; 563 NW2d 683 (1997).

## III. ANALYSIS

### A. THREE-YEAR LIMITATION PERIOD

The first issue presented is whether the three-year limitation period set forth in MCL 450.4515(1)(e) constitutes a statute of limitations or a statute of repose.[5] How it is properly characterized is relevant because the Court of Appeals has held that the latter,

---

[5] Neither party argues that the two-year limitation period also set forth in MCL 450.4515(1)(e) constitutes a statute of repose.

5

unlike the former, cannot be tolled pursuant to the fraudulent-concealment statute, MCL 600.5855. *Baks v Moroun*, 227 Mich App 472, 486-490; 576 NW2d 413 (1998), overruled in part on other grounds by *Estes v Idea Engineering & Fabricating, Inc*, 250 Mich App 270 (2002).

> The Michigan Limited Liability Company Act, MCL 450.4515(1), provides:
>
> A member of a limited liability company may bring an action . . . to establish that acts of the managers or members . . . are illegal or fraudulent or constitute willfully unfair and oppressive conduct . . . . If the member establishes grounds for relief, the circuit court may issue an order or grant relief as it considers appropriate, including, but not limited to, an order providing for any of the following:
>
> \* \* \*
>
> (e) An award of damages to the limited liability company or to the member. An action seeking an award of damages must be commenced within 3 years after the cause of action under this section has accrued or within 2 years after the member discovers or reasonably should have discovered the cause of action under this section, whichever occurs first.

Defendants contend that the three-year limitation period constitutes a statute of repose while the two-year limitation period constitutes a statute of limitations. The Court of Appeals rejected this contention, concluding instead that MCL 450.4515(1)(e) contains two alternative statutes of limitations, one predicated upon *discovery* of the cause of action and the other predicated upon *accrual* of the cause of action. We agree with the Court of Appeals.

A "statute of limitations" is a "law that bars claims after a specified period; specif[ically], a statute establishing a time limit for suing in a civil case, based on the date when the claim *accrued*." *Black's Law Dictionary* (10th ed) (emphasis added). In contrast, a "statute of repose" is a "statute barring any suit that is brought after a specified

6

time *since the defendant acted . . . .*" *Id.* (emphasis added). That is, a statute of limitations is generally measured from the date a claim accrues, while a statute of repose is measured from some other particular event, such as "the date of the last culpable act or omission of the defendant." *CTS Corp v Waldburger*, 573 US ___; 134 S Ct 2175, 2182; 189 L Ed 2d 62 (2014). Moreover, a statute of repose cuts off the liability of a defendant, and it may thereby "prevent[] a cause of action from ever accruing." *O'Brien v Hazelet & Erdal*, 410 Mich 1, 15; 299 NW2d 336 (1980). In sum, "[a] statute of repose prevents a cause of action from ever accruing when the injury is sustained after the designated statutory period has elapsed. A statute of limitation[s], however, prescribes the time limits in which a party may bring an action that has already accrued." *Sills v Oakland Gen Hosp*, 220 Mich App 303, 308; 559 NW2d 348 (1996), citing *O'Brien*, 410 Mich at 15.

MCL 450.4515(1)(e) provides in part, "An action seeking an award of damages must be commenced within 3 years after the cause of action under this section has *accrued . . . .*" (Emphasis added.) "When the language of a statute is clear, it is presumed that the Legislature intended the meaning expressed therein." *Epps v 4 Quarters Restoration LLC*, 498 Mich 518, 529; 872 NW2d 412 (2015). Given that the three-year limitation in MCL 450.4515(1)(e) clearly runs from the date the cause of action *has accrued*, absent any indication to the contrary, we presume the Legislature intended the three-year limitation period to constitute a statute of limitations.

Defendants argue that this Court's decision in *Detroit Gray Iron & Steel Foundries, Inc v Martin*, 362 Mich 205; 106 NW2d 793 (1961), supports their argument that the three-year limitation period in MCL 450.4515(1)(e) constitutes a statute of

7

repose. In our judgment, however, *Detroit Gray Iron* calls into question this argument and provides an apt illustration of the distinction between a statute of limitations and a statute of repose. In *Detroit Gray Iron*, this Court addressed a provision in the Michigan general corporation act (MGCA) that provided:

> "No director or directors shall be held liable for any delinquency under this section after 6 years from the date of such delinquency, or after 2 years from the time when such delinquency is discovered by one complaining thereof, whichever shall sooner occur." [*Id*. at 215 (citation omitted).]

The plaintiffs in *Detroit Gray Iron* argued that the limitation periods in this provision applied only to a director's fiduciary obligations as set forth in the MGCA and not to the enforcement of other common-law rights; therefore, the statute of limitations for suits alleging a director's breach of a common-law duty could be tolled pursuant to the fraudulent-concealment statute. *Id*. at 213-214. We rejected that argument, holding that the limitation periods in the MGCA applied to these claims and noting that under the act a plaintiff "must sue within 2 years of its discovery of the wrong or within 6 years of its occurrence, whichever sooner occurs, or forever bear the loss." *Id*. at 218.

Assuming arguendo that *Detroit Gray Iron* can be interpreted as holding that the six-year limitation period in the MGCA constitutes a statute of repose, this holding does not support defendants' position that the three-year limitation period in MCL 450.4515(1)(e) constitutes a statute of repose. The six-year limitation period in the MGCA ran from the date of *delinquency*, which refers to the date on which defendant's "violation of a law or duty" occurred. *Black's Law Dictionary* (10th ed). Because the limitation period ran from the date of a particular wrongful act by a defendant, it

8

constituted a statute of repose. *CTS Corp*, 573 US at ___; 134 S Ct at 2182. In contrast, the three-year limitation period in MCL 450.4515(1)(e) runs from the date of "accrual" of the cause of action and therefore constitutes a statute of limitations. *Sills*, 220 Mich App at 308. Accordingly, defendants' reliance on this Court's decision in *Detroit Gray Iron* is misplaced.[6]

Defendants also argue that despite the use of the word "accrue," the three-year limitation period constitutes a statute of repose. They note that an LLC member-oppression claim is distinct from other claims in that it can arise out of a series of actions, rather than just a single action. See MCL 450.4515(2) (" '[W]illfully unfair and oppressive conduct' means a *continuing course of conduct* or a significant action or *series of actions* that substantially interferes with the interests of the member as a member.") (emphasis added). Accordingly, they argue that in order to create a statute of repose for a claim that matures only after a *sequence* of events, the limitation period must necessarily be understood to commence upon "accrual" of the action.

This is simply not so. If the Legislature had intended to make the three-year period a statute of repose, it could have defined a period that runs from a defendant's final act of "illegal or fraudulent or . . . willfully unfair and oppressive conduct toward

---

[6] Defendants also rely on the Court of Appeals' decision in *Baks*, 227 Mich App 472, overruled in part on other grounds by *Estes*, 250 Mich App 270. In *Baks*, the Court of Appeals characterized an analogous provision in MCL 450.1541a as a statute of repose. *Id*. at 480, 485, 486. The Court of Appeals in the instant case held that *Baks*' characterization was "conclusory" and therefore that it was not bound by it. *Frank*, 310 Mich App at 186-188. Because this Court is not bound by *Baks*, we need not opine on whether it constituted binding precedent upon the Court of Appeals.

9

the [LLC] or the member." MCL 450.4515(1). Instead, the three-year period runs from the date the cause of action "accrues." MCL 450.4515(1)(e). The Legislature is "presumed to understand the meaning of the language it enacts into law . . . . Each word of a statute is presumed to be used for a purpose . . . . The Court may not assume that the Legislature inadvertently made use of one word or phrase instead of another." *Robinson v Detroit*, 462 Mich 439, 459; 613 NW2d 307 (2000). Because the three-year period runs from "accrual," rather than from a wrongful act of the defendant, we must presume the Legislature intended it to constitute a statute of limitations. See *CTS Corp v Waldburger*, 473 US at ___; 134 S Ct at 2182.

Finally, defendants argue that considering the two-year limitation period in *conjunction* with the three-year limitation period in MCL 450.4515(1)(e) indicates that the latter constitutes a statute of repose. MCL 450.4515(1)(e) provides that a plaintiff must bring a claim for damages within three years of accrual or two years after discovery of the cause of action, whichever "occurs first." Thus, the two-year limitation period shortens the amount of time within which a plaintiff must bring a claim by providing only two years after discovery to bring a claim, even if that period terminates sooner than three years after accrual. Therefore, defendants contend, if the three-year limitation period constitutes a statute of limitations, it is rendered nugatory, as that limitation period will never apply given that the two-year limitation period will always occur first. MCL 450.4515(1)(e); *Johnson v Recca*, 492 Mich 169, 177; 821 NW2d 520 (2012) ("[C]ourts must give effect to every word, phrase, and clause in a statute and avoid an interpretation that would render any part of the statute surplusage or nugatory.") (quotation marks and citation omitted).

10

This argument presumes that if the three-year limitation period constitutes a statute of limitations, it is necessarily subject to the common-law discovery rule. That rule provides that "a claim does not accrue until a plaintiff knows, or objectively should know, that he has a cause of action and can allege it in a proper complaint." *Trentadue v Buckler Automatic Lawn Sprinkler Co*, 479 Mich 378, 389; 738 NW2d 664 (2007). Similarly, the two-year limitation period in MCL 450.4515(1)(e) commences only when a plaintiff "discovers or reasonably should have discovered the cause of action under this section[.]" Thus, if the three-year limitation period is subject to the common-law discovery rule, the action would accrue at the same time the member discovered or reasonably should have discovered the cause of action. Accordingly, the three-year and two-year limitation periods would always commence at the same time and the former would obviously never apply, because the two-year limitation period would always "occur[] first." MCL 450.4515(1)(e).

However, *Trentadue* held that "courts may not employ an extrastatutory discovery rule to toll accrual . . . ." *Trentadue*, 479 Mich at 391-392. Accordingly, defendants' initial assumption that the common-law discovery rule would necessarily apply to the three-year limitation period if it constituted a statute of limitations is without grounding. Instead, accrual of the three-year limitation period is governed by statutory law. MCL 600.5827 provides that a claim generally accrues "at the time the wrong upon which the claim is based was done . . . ." This Court has held that the "wrong" in MCL 600.5827 is "the date on which the defendant's breach harmed the plaintiff, as opposed to the date on which defendant breached his duty." *Moll v Abbott Laboratories*, 444 Mich 1, 12; 506 NW2d 816 (1993), citing *Connelly v Paul Ruddy's Equip Repair & Serv Co*, 388 Mich

11

146; 200 NW2d 70 (1982). However, the running of a statutory period of limitations may be tolled pursuant to the fraudulent-concealment statute, MCL 600.5855, which provides:

> If a person who is or may be liable for any claim fraudulently conceals the existence of the claim or the identity of any person who is liable for the claim from the knowledge of the person entitled to sue on the claim, the action may be commenced at any time within 2 years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim or the identity of the person who is liable for the claim, although the action would otherwise be barred by the period of limitations.

Allowing a plaintiff to toll the running of the three-year limitation period under MCL 600.5855 does not render the three-year limitation period nugatory. Although similar, there is a consequential difference between the commencement of the two-year limitation in MCL 450.4515(1)(e) and the period of tolling pursuant to MCL 600.5855. As discussed earlier, the two-year limitation period commences when a plaintiff "discovers or reasonably should have discovered the cause of action under this section[.]" By contrast, tolling pursuant to MCL 600.5855 requires a plaintiff to show that the defendant "fraudulently conceal[ed] the existence of the claim or the identity of any person who is liable for the claim[.]" Accordingly, while the two-year limitation period does not commence until a plaintiff discovered or reasonably should have discovered the cause of action, the running of the three-year limitation period can only be tolled if a plaintiff did not discover and reasonably would not have discovered the cause of action *and* the plaintiff can "prove that the defendant committed affirmative acts or misrepresentations that were designed to prevent subsequent discovery." *Sills*, 220 Mich App at 310.

Considering these limitation periods in tandem, characterizing the three-year limitation period as a statute of limitations does not render it nugatory. A plaintiff has two years from the time he or she "discovers or reasonably should have discovered the cause of action" to bring a claim. MCL 450.4515(1)(e). However, a plaintiff cannot bring a claim three years after accrual of the cause of action, even if he or she did not discover and reasonably would not have discovered the cause of action during that period. MCL 600.5855. But if the plaintiff can show *fraudulent concealment*, he or she will still have two years within which to bring the claim from the time he or she discovers or reasonably should have discovered the claim, even if that happens more than three years after accrual. *Id*. In other words, the three-year limitation period bars a claim if the defendant did not fraudulently conceal the claim and no other tolling mechanism applies, even if the plaintiff did not discover and reasonably would not have discovered the cause of action during that period.[7] As a result, concluding that the three-year limitation period constitutes a statute of limitations does not render it nugatory. Rather, a plaintiff must bring a claim within two years after he or she discovers or reasonably should have discovered a claim or within three years after accrual, whichever occurs first.

In sum, because the three-year limitation period in MCL 450.4515(1)(e) runs from the date the cause of action accrues, it is properly understood as a statute of limitations.[8]

_____

[7] The trial court can determine on remand the applicability of tolling mechanisms such as the fraudulent-concealment statute.

[8] We note that this conclusion is consistent with two federal court opinions addressing this same issue, although they do not constitute binding authority. See *Techner v Greenberg*, 553 Fed Appx 495, 502-506 (CA 6, 2014); *Virginia M Damon Trust v Mackinaw Fin Corp*, unpublished opinion of the United States District Court for the

Read as a whole, MCL 450.4515(1)(e) provides alternative statutes of limitations, requiring a plaintiff to bring a claim seeking monetary damages for LLC member oppression within two years after discovery of the cause of action or three years after accrual of the cause of action, whichever occurs first.

## B. ACCRUAL

The second issue presented concerns when plaintiffs' causes of action for LLC member oppression accrued. As discussed earlier, the relevant statute, MCL 600.5827, provides:

> Except as otherwise expressly provided, the period of limitations runs from the time the claim accrues. The claim accrues at the time provided in [MCL 600.5829 to MCL 600.5838], and in cases not covered by these sections the claim accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results.

This Court has held that the date of the "wrong" referred to in MCL 600.5827 is "the date on which the defendant's breach harmed the plaintiff, as opposed to the date on which defendant breached his duty." *Moll*, 444 Mich at 12, citing *Connelly*, 388 Mich 150 (1982). Therefore, in order to determine when plaintiffs' actions for LLC member oppression accrued, this Court must determine the date on which plaintiffs first incurred the harms they assert. The relevant "harms" for that purpose are the actionable harms alleged in a plaintiff's cause of action.

---

Western District of Michigan, issued January 2, 2008 (Case No. 2:03-cv-135), pp 9-10.

14

Plaintiffs allege that defendants engaged in "member oppression" pursuant to MCL 450.4515, which provides that a court may grant relief to a member of an LLC if the member can show:

(1) . . . [t]he acts of the managers or members in control of the [LLC] are illegal or fraudulent or constitute willfully unfair and oppressive conduct . . . .  If the member establishes grounds for relief, the circuit court may issue an order or grant relief as it considers appropriate, including, but not limited to, an order providing for any of the following:

(a) The dissolution and liquidation of the assets and business of the limited liability company.

(b) The cancellation or alteration of a provision in the articles of organization or in an operating agreement.

(c) The direction, alteration, or prohibition of an act of the limited liability company or its members or managers.

(d) The purchase at fair value of the member's interest in the limited liability company, either by the company or by any members responsible for the wrongful acts.

(e) An award of damages to the limited liability company or to the member. . . .

(2) As used in this section, "willfully unfair and oppressive conduct" means a continuing course of conduct or a significant action or series of actions that substantially interferes with the interests of the member as a member. . . .  The term does not include conduct or actions that are permitted by the articles of organization, an operating agreement, another agreement to which the member is a party, or a consistently applied written company policy or procedure.

In summary, MCL 450.4515(1) provides a cause of action for members of an LLC when the managers' actions are "illegal or fraudulent or constitute willfully unfair and oppressive conduct toward the limited liability company or the member."  " '[W]illfully unfair and oppressive conduct' means a continuing course of conduct or a significant

15

action or series of actions that substantially interferes with the interests of the member as a member." MCL 450.4515(2). Once a plaintiff has "establishe[d] grounds for relief" by proving that a defendant has engaged in one of these prohibited behaviors, "the circuit court may issue an order or grant relief as it considers appropriate, including, but not limited to," monetary damages. MCL 450.4515(1). Thus, the "harm" that is actionable under MCL 450.4515 is the "substantial[] interfer[ence] with the interests of the member as a member." The statute then enumerates a variety of remedies that a court might provide to a plaintiff once he or she has shown that the defendant substantially interfered with the plaintiff's interests as a member.

Plaintiffs argue that their claims did not accrue until they first incurred a calculable financial injury after ePrize sold substantially all of its assets in 2012. They cite this Court's decision in *Connelly*, 388 Mich at 151, in support of the argument that their actions did not accrue until they incurred a calculable financial injury. In *Connelly*, the plaintiff brought an action for damages for personal injury resulting from an industrial accident. *Id*. at 148. This Court held that "[i]n the case of an action for damages arising out of tortious injury to a person, the cause of action accrues when all of the elements of the cause of action have occurred and can be alleged in a proper complaint," including monetary damages. *Id*. at 150-151. In the instant case, plaintiffs argue that no monetary damages occurred before 2012 when the company was liquidated, and therefore their causes of action for member oppression did not accrue until 2012.

However, plaintiffs' argument conflates monetary damages with "harm." While the actionable harm in a claim for tortious injury to a person typically consists of some personal injury inflicted by another that is remedied by monetary damages, see, e.g.,

16

*Connelly*, 388 Mich at 150-151-- the actionable harm for a member-oppression claim under MCL 450.4515 consists of actions taken by the managers that "substantially interfere with the interests of the member as a member," and monetary damages constitute just one of many potential remedies for that harm. MCL 450.4515(1) ("If the member establishes grounds for relief, the circuit court may issue an order or grant relief as it considers appropriate, including, but not limited to, an order providing for any of the following . . . .").[9] Accordingly, unlike an action for tortious injury to a person, an action for LLC member oppression does not necessarily accrue when a plaintiff incurs a calculable financial injury. Instead, it accrues when a plaintiff incurs the actionable harm under MCL 450.4515, i.e., when defendants' actions allegedly interfered with the interests of a plaintiff as a member, making the plaintiff eligible to receive some form of relief under MCL 450.4515(1).

The Court of Appeals erred by focusing on the availability of monetary damages, rather than on when plaintiffs incurred "harm." MCL 600.5827 states that, unless otherwise provided by statute, "the claim accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results." And, as explained previously, "the term 'wrong' . . . specifie[s] the date on which the defendant's breach harmed the plaintiff . . . ." *Moll*, 444 Mich at 12. Once a plaintiff proves that a manager engaged in an action or series of actions that substantially interfered with his or her interests as a member, the "harm" has been incurred, and therefore the claim has accrued.

---

[9] Other potential remedies include the dissolution of the LLC, the cancellation or alteration of a provision of the operating agreement, and the direction, alteration, or prohibition of an act by the LLC or its managers. MCL 450.4515(1)(a) through (c).

17

Under MCL 600.5827, this is true regardless of the time when monetary damages result. Thus, even if plaintiffs did not incur a calculable financial injury until 2012, their actions could still have accrued at an earlier date if their interests as members had been the subject of substantial interference.

To the extent that the Court of Appeals believed that an action for monetary damages has a different accrual date than an action involving another remedy under MCL 450.4515(1), the language of MCL 450.4515(1)(e) refutes this notion. MCL 450.4515(1)(e) provides in part: "An action seeking an award of damages must be commenced within 3 years after the cause of action *under this section* has accrued or within 2 years after the member discovers or reasonably should have discovered the cause of action *under this section*, whichever occurs first." (Emphasis added.) That is, a cause of action "*under this section*" accrues when a manager has substantially interfered with a member's interests as a member. Had the Legislature intended to create an accrual date for a claim for monetary damages that was distinct from the accrual date for other forms of relief, the three-year and two-year limitation periods would run when a cause of action "*seeking an award of damages*" has accrued or been discovered. Plaintiffs' claims for monetary damages accrued at the same time as plaintiffs' claims for other forms of relief, at the time defendants' conduct substantially interfered with their interests as members.

## C. APPLICATION

The alleged substantial interference with plaintiffs' interests as members in this case took place when their shares were subordinated in 2009. Plaintiffs allege that

defendants' subordination of their shares violated MCL 450.4515 because defendants had promised that their shares would not be subordinated and defendants subsequently engaged in secretive self-dealing to ensure they profited at the expense of plaintiffs. The act of subordinating plaintiffs' shares constitutes the alleged "willfully unfair and oppressive act" that interfered with plaintiffs' interests as members. At *that* point plaintiffs could have sought a remedy under MCL 450.4515(1), including cancellation of provisions of the operating agreement, prohibition of enforcement of those provisions, or a buyout. MCL 450.4515(1)(b) through (d). The subsequent liquidation that occurred was only relevant to the extent plaintiffs could recover monetary damages. Additional damages resulting from the same harm do not reset the accrual date or give rise to a new cause of action. See *Connelly*, 388 Mich at 151; *Larson v Johns-Manville Sales Corp*, 427 Mich 301, 315; 399 NW2d 1 (1986). Accordingly, plaintiffs' actions accrued in 2009 at the point at which they could first have sought a remedy under MCL 450.4515 based on the substantial interference with their interests as members, not in 2012 when they first incurred a calculable financial injury.

Plaintiffs argue that they are alleging a "series of actions" that substantially interfered with their rights. Although the amendment of the Operating Agreement constituted one action in interference with plaintiffs' rights, the "series of actions" was incomplete until the shares were ultimately sold. Thus, plaintiffs assert, because the "series of actions" that substantially interfered with their interests as members did not culminate until the company was eventually liquidated, that liquidation was when their claims accrued.

19

Plaintiffs are correct that "willfully unfair and oppressive conduct" means either "a significant action *or series of actions* that substantially interferes with the interests of the member as a member." MCL 450.4515(2) (emphasis added). However, the alleged substantial interference with plaintiffs' interests as members consists of the *subordination* of their shares, not the ultimate sale of ePrize and the distribution of the proceeds of that sale. The distribution of the proceeds of the sale was done in *conformity* with the Operating Agreement and would not have breached plaintiffs' interests as members *absent* the prior subordination of their shares. See MCL 450.4515(2) (stating that willfully unfair and oppressive conduct "does not include conduct or actions that are permitted by . . . an operating agreement"). Accordingly, defendants allegedly substantially interfered with plaintiffs' interests as members when the Operating Agreement was amended on March 1, 2009, to subordinate their shares, and plaintiffs' actions thus accrued on that date, even if they did not incur a calculable financial injury until 2012.

Because plaintiffs' actions accrued on March 1, 2009, the three-year limitation period in MCL 450.4515(1)(e) on claims for monetary damages expired before plaintiffs filed suit on April 19, 2013.[10] Accordingly, plaintiffs' claims for monetary damages are

---

[10] Plaintiffs argue that their claims for nonmonetary relief are not governed by MCL 450.4515(1)(e), but rather by a six-year statute of limitations. See *Estes*, 250 Mich App at 284 n 9; MCL 600.5813. Additionally, defendants argued in their original motion for summary disposition that certain individual plaintiffs lacked standing to bring suit because they only held interests in ePrize Holdings rather than ePrize. Because these issues were not addressed by the trial court or the Court of Appeals, we decline to address them here and instead leave them for the trial court to address on remand.

barred unless they can show on remand that defendants "fraudulently conceal[ed] the existence of the claim or the identity of any person who is liable for the claim[.]" MCL 600.5855. The trial court should determine on remand whether plaintiffs are entitled to tolling of their claims for damages under this provision.

## IV. CONCLUSION

We hold that MCL 450.4515(1)(e) prescribes alternative statutes of limitations, one based on accrual of the action and the other on discovery of the action. We further hold that a cause of action for LLC member oppression accrues when a manager has substantially interfered with the interests of the member as a member, even if that member has not yet incurred a calculable financial injury. Because defendants here allegedly substantially interfered with plaintiffs' interests as members on March 1, 2009, when the company amended its Operating Agreement to subordinate plaintiffs' shares, this is the date on which plaintiffs' actions accrued. Accordingly, plaintiffs' actions for damages under MCL 450.4515(1)(e) are barred by the three-year statute of limitations unless plaintiffs are entitled to tolling, e.g., pursuant to MCL 600.5855. Therefore, we affirm in part and reverse in part the judgment of the Court of Appeals and remand to the trial court for further proceedings consistent with this opinion.

Stephen J. Markman
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen
Kurtis T. Wilder

21