# Syllabus

Chief Justice:
Elizabeth T. Clement

Justices:
Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Megan K. Cavanagh
Elizabeth M. Welch
Kyra H. Bolden

**This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.**

Reporter of Decisions:
Kathryn L. Loomis

SUNRISE RESORT ASSOCIATION, INC v CHEBOYGAN COUNTY ROAD COMMISSION

Docket No. 163949. Argued on application for leave to appeal May 10, 2023. Decided July 24, 2023.

Sunrise Resort Association, Inc., Gregory P. Somers, and others brought an action in the Cheboygan Circuit Court against the Cheboygan County Road Commission asserting a statutory claim under the sewage-disposal-system-event (SDSE) exception, MCL 691.1416 through MCL 691.1419, to governmental immunity provided by the governmental tort liability act (GTLA), MCL 691.1401 *et seq.*; asserting a gross-negligence claim; and requesting injunctive relief for a common-law claim of trespass-nuisance. Plaintiffs owned real property along West Burt Lake Road in Cheboygan County. In 2013, a bicycle trail was constructed on the west side of that road, necessitating modifications by defendant to the drainage system. Defendant modified the drainage system again in 2015 after the bicycle trail washed out in 2014. In 2015, Sunrise Resort informed defendant that those modifications had caused minor damage to plaintiffs' properties and that more severe damage would likely result if the system was not fixed. In May 2018, plaintiffs' properties were damaged by an overflow and backup of the drainage system. Plaintiffs filed the instant action in February 2020, seeking monetary damages as well as injunctive relief to abate the alleged ongoing trespass or nuisance. Defendant moved for summary disposition under MCR 2.116(C)(7), arguing that plaintiffs' SDSE claim was barred by the relevant three-year statutory period of limitations and by plaintiffs' failure to provide timely notice of their claim as required by MCL 691.1419(1). Plaintiffs asserted that their action was timely because the limitations period began running following the 2018 event, which was the basis of their claim, not the 2015 event; however, plaintiffs conceded that their gross-negligence claim was barred by governmental immunity, and that claim was dismissed. The court, Aaron J. Gauthier, J., granted defendant summary disposition on the remaining claims, concluding that (1) plaintiffs' claims accrued in 2015 and the claims were therefore not timely, (2) the request for injunctive relief was not a separate cause of action and could not be premised on untimely claims, and (3) injunctive relief was not available under MCL 691.1417(2). Plaintiffs appealed. In a published opinion, the Court of Appeals, RONAYNE KRAUSE, P.J., and CAMERON and RICK, JJ., reversed the trial court order and remanded for further proceedings. 339 Mich App 440 (2021). In doing so, the Court of Appeals concluded that (1) both the statutory SDSE claim and the common-law trespass-nuisance claim were timely because the claims did not accrue until 2018 and (2) injunctive relief was broadly available under the SDSE exception. Defendant sought leave to appeal the Court of Appeals judgment. The Supreme Court

ordered and heard oral argument on whether to grant defendant's application for leave to appeal or take other action. 509 Mich 983 (2022).

In a unanimous opinion by Chief Justice CLEMENT, the Supreme Court, in lieu of granting leave to appeal, *held*:

Plaintiffs' SDSE claim was timely under MCL 600.5805(1) and (2). However, MCL 691.1417(2), the SDSE exception to governmental immunity, abrogates all common-law exceptions to governmental immunity for damages resulting from the overflow or backup of a sewage disposal system, including the common-law claim for trespass-nuisance; accordingly, plaintiffs' trespass-nuisance claim arising from the 2018 SDSE had to be dismissed. The Court of Appeals' conclusion that plaintiffs could seek an injunction in connection with their common-law trespass-nuisance claim was reversed because plaintiffs only sought that relief in connection with the abrogated trespass-nuisance claim. Trial court order reversed in part and affirmed in part; Court of Appeals judgment vacated in part; and case remanded to the trial court for further proceedings.

1. MCL 691.1417(2) provides that a governmental agency is immune from tort liability for the overflow or backup of a sewage disposal system unless the overflow or backup is an SDSE as that term is defined by the act and the governmental agency is an appropriate governmental agency. To recover compensation for the property damage or physical injury caused by an SDSE, MCL 691.1417(3) requires a plaintiff to show that the following existed at the time of the event: (1) the governmental agency was an appropriate governmental agency, (2) the sewage disposal system had a defect, (3) the governmental agency knew, or in the exercise of reasonable diligence should have known, about the defect, (4) the governmental agency, having the legal authority to do so, failed to take reasonable steps in a reasonable amount of time to repair, correct, or remedy, the defect, and (5) the defect was a substantial proximate cause of the event and the property damage or physical injury. Each SDSE, as defined by MCL 691.1416(k), may give rise to an independent cause of action for which the government may be liable if the elements in MCL 691.1417(3) can be established with regard to that particular event.

2. Claims under the GTLA are subject to the general laws respecting limitations of actions. Relevant here, under MCL 600.5805(1) and (2), the statutory period of limitation for claims brought under the SDSE exception is three years. MCL 600.5827 provides that the period of limitations runs from the time the claim accrues, which occurs when the wrong upon which the claim is based was done regardless of the time when damage results. A claim accrues for purposes of MCL 600.5827 when all the elements of the cause of action have occurred and can be alleged in a proper complaint. Stated differently, accrual occurs when the wrong is done, i.e., the moment when the plaintiff is harmed rather than when the defendant acted. In this case, while MCL 691.1417(3) carves out several exceptions under which such an overflow or backup does not constitute an SDSE, none of those exceptions applied here. Taking plaintiffs' allegations in their complaint as true, they sought only to recover for damages caused by the 2018 overflow or backup event. Indeed, while they referred in the factual section of their complaint to the alleged minor flooding in 2015, they argue in Count I that the 2018 flooding constituted an "event" for purposes of MCL 691.1417(3). Accordingly, because plaintiffs' SDSE claim was filed in February 2020, the complaint was timely filed within the three-year limitations period. The trial court therefore erred by dismissing plaintiffs' claim on statute-of-limitations grounds. Contrary to defendant's

assertion, plaintiffs did not rely on the now-abrogated continuing-wrongs doctrine—under which the period of limitations would not run until a wrong was abated when the defendant's wrongful acts were of a continuing nature—to support their claim. The continuing-wrongs doctrine was not relevant to plaintiffs' claim for relief because their amended complaint, brought under the SDSE exception, alleged harm caused by a discrete 2018 SDSE, and plaintiffs did not seek to reach back and recover for any potential harms that may have occurred before that date.

3. Michigan caselaw recognized a trespass-nuisance exception to governmental immunity before the GTLA was enacted. MCL 691.1417(2), however, states that the SDSE exception abrogates common-law exceptions, if any, to immunity for the overflow or backup of a sewage disposal system and provides the sole remedy for obtaining any form of relief for damages or physical injuries caused by an SDSE regardless of the legal theory. Given this language, the SDSE exception clearly abrogates common-law exceptions to immunity when a plaintiff alleges there has been an overflow or backup of a sewage disposal system. For that reason, the common-law trespass-nuisance exception to governmental immunity was abrogated by MCL 691.1417(2). Plaintiffs' common-law trespass-nuisance claim, which alleged that there was an overflow or backup of a sewage disposal system onto their property, was abrogated by MCL 691.1417(2). As a result, defendant was immune from that claim, and it had to be dismissed. Further, plaintiffs could not seek injunctive relief because the request was tied expressly to the abrogated trespass-nuisance claim. Accordingly, the question whether injunctive relief is available for a properly pled SDSE claim was reserved for the future. The Court of Appeals erred by concluding that plaintiffs' claim for injunctive relief was permitted by 691.1417(2) and not prohibited by the elimination of the trespass-nuisance exception to governmental immunity. The Court of Appeals holding that the plaintiffs' trespass-nuisance claim was timely was vacated as unnecessary given that the claim was abrogated by MCL 691.1417(2).

Trial court order granting summary disposition to defendant of plaintiffs' SDSE claim reversed; trial court order granting summary disposition to defendant of plaintiffs' common-law trespass-nuisance claim affirmed; Court of Appeals' holding that plaintiffs' trespass-nuisance claim was timely vacated; and case remanded to the trial court for further proceedings.

OPINION

Chief Justice:
Elizabeth T. Clement

Justices:
Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Megan K. Cavanagh
Elizabeth M. Welch
Kyra H. Bolden

FILED July 24, 2023

STATE OF MICHIGAN

SUPREME COURT

SUNRISE RESORT ASSOCIATION, INC.,
GREGORY P. SOMERS, MELISSA L.
SOMERS, and KARL BERAKOVICH,

        Plaintiffs-Appellees,

v                                   No. 163949

CHEBOYGAN COUNTY ROAD
COMMISSION,

        Defendant-Appellant.

BEFORE THE ENTIRE BENCH

CLEMENT, C.J.

      The plaintiffs brought this action after the defendant modified a storm water

drainage system, allegedly causing flooding onto their property. The plaintiffs raised two

distinct claims that remain at issue on appeal: a claim under the sewage-disposal-system-

event (SDSE) exception to governmental immunity under the governmental tort liability

act (GTLA), MCL 691.1401 *et seq.*, and a common-law trespass-nuisance claim seeking injunctive relief.

The trial court dismissed both claims as untimely under the applicable three-year statute of limitations. Like the Court of Appeals, we disagree and hold that the SDSE claim, which seeks relief only in connection with flooding that occurred within the three-year window, was timely. However, unlike the Court of Appeals, we conclude that because the defendant is immune with respect to the plaintiffs' common-law trespass-nuisance claim, that claim was properly dismissed. In light of this holding, we vacate as unnecessary the Court of Appeals' holding that the trespass-nuisance claim was timely. Finally, because the plaintiffs only seek injunctive relief in connection with that claim, their request for an injunction is invalid. Therefore, we reverse the trial court's grant of summary disposition to the defendant with respect to the plaintiff's SDSE claim, affirm with respect to the common-law trespass-nuisance claim, and remand for further proceedings consistent with this opinion.

## I. FACTS AND PROCEDURAL HISTORY

The plaintiffs[1] are a group of landowners who own property on West Burt Lake Road. In 2020, they initiated this lawsuit against the defendant, the Cheboygan County Road Commission. In their amended complaint, the plaintiffs alleged that the defendant oversees a storm water drainage system that directs water through a series of ditches and culverts, some of which pass through the plaintiffs' respective properties. In 2013, when

---

[1] Sunrise Resort Association, Inc., Gregory P. Somers, Melissa L. Somers, and Karl Berakovich.

a bicycle path was constructed along West Burt Lake Road, the defendant modified the drainage system. In 2015, after the bicycle path was washed out, the defendant modified the drainage system again to prevent another washout. Thereafter, Sunrise Resort Association, Inc., contacted the defendant to explain that it had suffered "minor damage" from these modifications and that more severe damage would likely result if the drainage system was not fixed. Then, in 2018, the plaintiffs' properties sustained significant damage by way of erosion caused by an overflow and backup of the defendant's storm water drainage system.

In their amended complaint, the plaintiffs raised three counts. First, they brought a claim under MCL 691.1417(3) of the SDSE exception to the GTLA. Under this claim, the complaint stated that the "overflow and backup referenced previously in this complaint"— i.e., the 2018 overflow and backup—"was an 'event' as defined by MCL 691.1416(k)." The SDSE claim does not directly refer to the alleged minor flooding that occurred sometime around 2015.

Second, the plaintiffs brought a gross-negligence claim. Because they conceded in the trial court that this claim was barred by governmental immunity, it is not at issue on appeal, and we will discuss it no further.

And third, the plaintiffs brought a claim for injunctive relief to abate an ongoing trespass-nuisance. The complaint states that because the ongoing nuisance "cannot be remedied by money damages alone," it can "only be remedied by injunctive relief . . . ." In their prayer for relief, the plaintiffs request both money damages and injunctive relief, but they expressly tie their request for injunctive relief to the trespass-nuisance claim alone.

3

In response to the plaintiffs' amended complaint, the defendant moved for summary disposition under MCR 2.116(C)(7). It argued first that the SDSE claim was untimely under the applicable three-year statute of limitations. See MCL 600.5805(2). And second, it argued that the plaintiffs' claim for injunctive relief to abate an ongoing trespass-nuisance must be dismissed because injunctive relief is categorically unavailable under the SDSE exception to the GTLA.

Following a hearing, the trial court granted summary disposition under MCR 2.116(C)(7) to the defendant. It held that the plaintiffs' SDSE claim began to accrue in 2015, when the minor flooding occurred and that, therefore, the claim was not timely under the three-year statute of limitations. Next, it held that the plaintiffs' claim for injunctive relief failed for two reasons. First, it was also untimely. And second, because the SDSE exception abrogated the common-law trespass-nuisance exception to governmental immunity, the defendant was immune with respect to the claim.

On appeal, the Court of Appeals reversed and remanded for further proceedings. *Sunrise Resort Ass'n, Inc v Cheboygan Co Rd Comm*, 339 Mich App 440; 983 NW2d 436 (2021). The Court of Appeals held that both the plaintiffs' SDSE claim and common-law claim were timely. The panel reasoned that the claims did not accrue until 2018, when the overflow and backup occurred and that, therefore, the claims fell within the applicable statutory limitations period. *Id*. at 451. It also concluded that injunctive relief was broadly available under the SDSE exception to avoid future harm rather than remedy past harms. *Id*. at 456-457. For those reasons, the panel concluded that the trial court erred by granting summary disposition with respect to both the SDSE claim and the common-law claim.

4

The defendant then sought leave to appeal in this Court, and we ordered oral argument on the application to address:

> (1) [W]hether the [plaintiffs'] claims accrued in 2015 and are barred by the applicable statute of limitations; and (2) whether the [plaintiffs'] claim for injunctive relief is barred by the Government Tort Liability Act, MCL 691.1401 *et seq*., and/or other applicable law, or is otherwise not obtainable as the functional equivalent of a claim for a writ of mandamus. [*Sunrise Resort Ass'n, Inc v Cheboygan Co Rd Comm*, 509 Mich 983, 984 (2022).]

We now affirm the Court of Appeals' conclusion that the plaintiffs' SDSE claim was timely and not barred by the applicable three-year statute of limitations. However, we reverse its conclusion that injunctive relief was available to the plaintiffs. We hold that the common-law exception to immunity for trespass-nuisance claims was abrogated by the Legislature's passage of the SDSE exception to the GTLA. MCL 691.1417(2). Because the plaintiffs only sought injunctive relief in connection with a claim from which the defendant is immune, we hold that the request for an injunction is invalid. Therefore, we reverse the trial court's grant of summary disposition with respect to the SDSE claim because it is timely. But we affirm the trial court's grant of summary disposition with respect to the common-law claim because the defendant is immune from it.

## II. LEGAL BACKGROUND

### A. STANDARD OF REVIEW

The defendant moved for summary disposition under MCR 2.116(C)(7), which allows for "dismissal of the action" because of "immunity granted by law or statute of limitations . . . ." We review de novo a trial court's decision on a motion for summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). When a party brings a motion for summary disposition under MCR 2.116(C)(7), "[t]he contents of the

5

complaint are accepted as true unless contradicted by the documentation submitted by the movant." *Id*. at 119. For purposes of this appeal, the defendant concedes that the facts in the plaintiffs' amended complaint are accepted as true.

We also review de novo questions of statutory interpretation. *Madugula v Taub*, 496 Mich 685, 695; 853 NW2d 75 (2014). The goal of statutory interpretation is to effectuate the intent of the Legislature. *Id*. at 696. To do so, we "focus[] first on the statute's plain language" and "examine the statute as a whole, reading individual words and phrases in the context of the entire legislative scheme." *Id*. (citations and quotation marks omitted). "When a statute's language is unambiguous, the Legislature must have intended the meaning clearly expressed, and the statute must be enforced as written." *Id*. (citations and quotation marks omitted).

### B. THE SDSE EXCEPTION TO THE GTLA

The GTLA established a general rule that a "governmental agency is immune from tort liability if the government agency is engaged in the exercise or discharge of a governmental function." MCL 691.1407(1). This Court has explained that "the immunity conferred upon governmental agencies is *broad*, and the statutory exceptions thereto are to be *narrowly* construed." *Nawrocki v Macomb Co Rd Comm*, 463 Mich 143, 158; 615 NW2d 702 (2000).

In 2002, the Legislature passed the SDSE exception to the GTLA. MCL 691.1416 through MCL 691.1419. Under the SDSE exception:

> A governmental agency is immune from tort liability for the overflow or backup of a sewage disposal system unless the overflow or backup is a sewage disposal system event and the governmental agency is an appropriate governmental agency. [MCL 691.1417(2).]

6

In short, the SDSE exception immunizes governmental agencies unless (1) there is a sewage disposal system event and (2) the governmental agency is an appropriate governmental agency. The statute defines a "sewage disposal system event" to mean "the overflow or backup of a sewage disposal system onto real property." MCL 691.1416(k). While the statute carves out several exceptions under which such an overflow or backup will not constitute a "sewage disposal system event," accepting the allegations in the plaintiffs' complaint as true, none of the exceptions applies here. *Id*. Similarly, accepting the allegations as true, the defendant constitutes an "appropriate governmental agency" under the statutory definition. MCL 691.1416(b).

The SDSE statute also specifies the required showing that a plaintiff must make when seeking "compensation for the property damage or physical injury" caused by an "event." MCL 691.1417(3). A plaintiff must "show[] that all of the following existed at the time of the event:"

> (a) The governmental agency was an appropriate governmental agency.

> (b) The sewage disposal system had a defect.

> (c) The governmental agency knew, or in the exercise of reasonable diligence should have known, about the defect.

> (d) The governmental agency, having the legal authority to do so, failed to take reasonable steps in a reasonable amount of time to repair, correct, or remedy the defect.

> (e) The defect was a substantial proximate cause of the event and the property damage or physical injury. [*Id*.]

Therefore, even if a plaintiff can avoid governmental immunity by showing there was a "sewage disposal system event" from a sewage disposal system overseen by an

7

"appropriate governmental agency," they must still provide additional proof to recover compensation through the SDSE exception's statutory cause of action under § 1417(3). MCL 691.1417(2) and (3).

### III. THE TIMELINESS OF THE PLAINTIFFS' SDSE CLAIM

### A. THE STATUTE OF LIMITATIONS UNDER THE SDSE EXCEPTION

Under the GTLA, "[e]very claim against any government agency shall be subject to the general law respecting limitations of actions . . . ." MCL 691.1411(1). This provision applies to claims brought under the SDSE exception to the GTLA. The applicable statutory period of limitations here is three years. MCL 600.5805(1) and (2). Under MCL 600.5827, "the period of limitations runs from the time the claim accrues." "[T]he claim accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results." *Id*.

We have explained that the claim "accrues" under MCL 600.5827 "when all of the elements of the cause of action have occurred and can be alleged in a proper complaint." *Connelly v Paul Ruddy's Equip Repair & Serv Co*, 388 Mich 146, 150; 200 NW2d 70 (1972). Accrual occurs when the "wrong is done," meaning the moment "when the plaintiff is harmed rather than when the defendant acted." *Trentadue v Buckler Automatic Lawn Sprinkler Co*, 479 Mich 378, 388; 738 NW2d 664 (2007) (quotation marks omitted), quoting *Boyle v Gen Motors Corp*, 468 Mich 226, 231 n 5; 661 NW2d 557 (2003).

### B. THE PLAINTIFFS' SDSE CLAIM ACCRUED IN 2018

We agree with the Court of Appeals that because the plaintiffs' SDSE claim did not accrue until 2018, they timely filed their complaint for that claim. Therefore, we agree that

the trial court erred by granting summary disposition under MCR 2.116(C)(7) on statute-of-limitations grounds. The Court of Appeals explained that a claim " 'accrues when all of the elements of the cause of action have occurred and can be alleged in a proper complaint,' " and that a claim under § 1417(3) of the SDSE exception requires an " 'overflow or backup' " of a sewage system onto property. *Sunrise Resort*, 339 Mich App at 450-451, quoting *Connelly*, 388 Mich at 150, and MCL 691.1416(k). The panel concluded that "[a] plain reading of plaintiffs' complaint shows that it is premised on a specific, discrete backup event" in 2018, and that "plaintiffs are seeking to recover for damages that occurred only on that occasion." *Sunrise Resort*, 339 Mich at 451. Therefore, the panel concluded, the claim did not accrue until 2018 and the complaint was timely filed.

We agree that the plaintiffs' amended complaint, on its face, only seeks to recover for damage caused by the 2018 overflow or backup event. Each "sewage disposal system event," as defined by MCL 691.1416(k), may give rise to an independent cause of action for which the government may be liable under the SDSE exception if the remaining elements in MCL 691.1417(3) can be established in relation to that particular "event." See *Connelly*, 388 Mich at 150 (stating that a claim accrues "when all of the elements of the cause of action have occurred and can be alleged in a proper complaint").[2] While the plaintiffs refer to the alleged "minor flooding" that occurred in 2015 in the factual section of their complaint, in the section labeled "COUNT I. CLAIM PURSUANT TO MCL

---

[2] That distinguishes this cause of action from one in which an isolated incident caused successive injuries that do not give rise to a new cause of action. *Connelly*, 388 Mich at 151 ("Later damages may result [from an isolated negligent act], but they give rise to no new cause of action, nor does the statute of limitations begin to run anew as each item of damage is incurred.").

9

691.1417(3)," they only argue that the "overflow and backup referenced previously in this complaint" constituted an "event" under § 1416(k) of the SDSE exception that would allow them to steer around governmental immunity and recover compensation. And the overflow and backup previously referred to in the complaint was clearly the 2018 flooding, *not* the 2015 flooding. Because we must "look to plaintiff's complaint to determine when the wrong upon which the claim is based was done," here, the "wrong" was the event that occurred in 2018. Therefore, the complaint was timely filed within the three-year limitations period. *Fraser Twp v Haney*, 509 Mich 18, 24; 983 NW2d 309 (2022).

We also agree with the Court of Appeals that, contrary to the defendant's assertion, the plaintiffs are not attempting to rely on the now-abrogated continuing-wrongs doctrine. *Sunrise Resort*, 339 Mich App at 452; see also *Garg v Macomb Co Community Mental Health Servs*, 472 Mich 263, 266; 696 NW2d 646 (2005). That doctrine provided that "[w]here a defendant's wrongful acts are of a continuing nature, the period of limitations will not run until the wrong is abated . . . ." *Horvath v Delida*, 213 Mich App 620, 626-627; 540 NW2d 760 (1995). As we recently explained, the continuing-wrongs doctrine provided plaintiffs a method to "reach back to recover for wrongs that occurred outside the statutory period of limitations" when there were distinctive wrongs within a continuing series. *Haney*, 509 Mich at 27.

We agree with the Court of Appeals that the "abrogation of the continuing-wrongs doctrine means that plaintiffs are prohibited from relying on the harm caused by the 2018 event to argue any claim based on the 2015 incident is timely" because they are a series of continuing harms. *Sunrise Resort*, 339 Mich App at 452-453. But the discontinuation of

10

the continuing-wrongs doctrine does not prevent the plaintiffs from recovering damages associated with the 2018 flooding.

*Haney* is instructive here. In *Haney*, the defendants kept pigs on property zoned for commercial use. *Haney*, 509 Mich at 20-21. The plaintiffs sued, alleging that the piggery constituted a zoning violation and a nuisance, only resolvable through an injunction. *Id*. at 21. As the defendant does here, the *Haney* defendants argued that the action was time-barred because the pig problems began outside the applicable six-year statute of limitations. *Id*. We disagreed. We noted that the "wrong alleged in plaintiff's complaint [wa]s defendants' keeping of hogs on their property," which was a continuing problem and a violation of the zoning ordinance every day that the pigs remained. *Id*. at 25. While the wrong had begun long before the six-year limitations period passed, the plaintiffs did not seek a remedy for those long-past pig problems—rather, by seeking an injunction, the plaintiffs sought relief for "only present violations." *Id*. at 21. This Court explained that when we abrogated the continuing-wrongs doctrine, we "simply held that a plaintiff may not recover for injuries that fall outside the statutory period of limitations." *Id*. at 29, discussing *Garg*, 472 Mich at 282. We did not "immunize future wrongful conduct." *Haney*, 509 Mich at 28, discussing *Garg*, 472 Mich 263. "[A] plaintiff's failure to timely sue on the first violation in a series does not grant a defendant immunity to keep committing wrongful acts of the same nature." *Haney*, 509 Mich at 28. Rather, "[a] plaintiff is free to bring a new action each time a defendant commits a new violation." *Id*. at 28-29.

The logic of *Haney* plainly applies here. While the plaintiffs seek monetary damages for the 2018 flooding, rather than an injunction, the distinction is irrelevant. Because the plaintiffs' amended complaint alleges, under the SDSE exception, harm

11

caused by a discrete sewage disposal system event that occurred within the three-year limitations period, each event has the potential to be its own independent cause of action, and plaintiffs do not seek to reach back and recover for any potential harms that may have occurred before that date, the continuing-wrongs doctrine is inapplicable. A contrary holding would require plaintiffs to file SDSE claims at the first flooding or forever lose their leverage to urge the government to remedy defects in sewage disposal systems. This would be particularly puzzling considering that two required elements of an SDSE claim are that the governmental agency knew (or should have known) of the defect and it failed to take reasonable corrective actions within a reasonable period. MCL 691.1417(3)(c) and (d).

For all these reasons, we affirm the Court of Appeals' conclusion that the plaintiffs' SDSE claim was timely filed and reverse the trial court's decision granting summary disposition to the defendant on statute-of-limitations grounds.

## IV. THE PLAINTIFFS' REQUEST FOR INJUNCTIVE RELIEF

### A. ABROGATION OF THE COMMON LAW UNDER THE SDSE EXCEPTION

We must now address the plaintiffs' request for injunctive relief attached to their common-law trespass-nuisance claim. Before the enactment of the GTLA, there existed common-law immunity for government actors. In fact, there was a "long history in Michigan jurisprudence" of recognizing a trespass-nuisance exception to governmental immunity. *Hadfield v Oakland Co Drain Comm'r*, 430 Mich 139, 145; 422 NW2d 205 (1988), overruled by *Pohutski v Allen Park*, 465 Mich 675 (2002). Since the GTLA's passage, courts have grappled with the intersection of the common-law rules of governmental immunity and the rules spelled out in the GTLA itself.

12

The SDSE exception to the GTLA contains an express provision concerning the abrogation of the common law that is integral to this case. It states:

> [The SDSE exception] abrogate[s] common law exceptions, if any, to immunity for the overflow or backup of a sewage disposal system and provide[s] the sole remedy for obtaining any form of relief for damages or physical injuries caused by a sewage disposal system event regardless of the legal theory. [MCL 691.1417(2).]

The statutory language makes clear that the SDSE exception abrogates common-law exceptions to immunity that might apply under the facts of a particular case. It then goes on to clarify that when a plaintiff seeks "any form of relief for damages or physical injuries," the SDSE exception provides the "sole remedy." *Id*.

## B. THE PLAINTIFFS CANNOT SEEK INJUNCTIVE RELIEF

We hold that the trespass-nuisance exception to governmental immunity was abrogated by the plain language of § 1417(2) of the SDSE exception; therefore, defendant is immune from that claim, and it must be dismissed.

" 'The Legislature may alter or abrogate common law through its legislative authority.' " *McMaster v DTE Energy Co*, 509 Mich 423, 433; 984 NW2d 91 (2022), quoting *Murphy v Inman*, 509 Mich 132, 153; 983 NW2d 354 (2022). But "[w]e will not lightly presume that the Legislature has abrogated the common law . . . ." *McMaster*, 509 Mich at 434 (citations, quotation marks, and brackets omitted), quoting *Murphy*, 509 Mich at 153. "[T]he Legislature should speak in no uncertain terms when it exercises its authority to modify the common law." *McMaster*, 509 Mich at 434 (quotation marks and citation omitted), quoting *Murphy*, 509 Mich at 153. Relevant here, § 1417(2) of the SDSE exception states clearly that the Legislature intended to "abrogate common law exceptions,

13

if any, to immunity for the overflow or backup of a sewage disposal system." MCL 691.1417(2). It is hard to imagine the Legislature speaking in more certain terms than it has in § 1417(2); the statutory language clearly abrogates any common-law exceptions to governmental immunity—including the trespass-nuisance exception—when a plaintiff alleges there has been an overflow or backup of a sewage disposal system.

Because the plaintiffs' amended complaint alleges that there was an overflow or backup of a sewage disposal system onto their property, they cannot maintain their trespass-nuisance claim. Stated differently, because § 1417(2) of the SDSE exception abrogated the trespass-nuisance exception to governmental immunity, the defendant is immune from this claim, and it must be dismissed. Accordingly, we also vacate as unnecessary the Court of Appeals' holding that the plaintiffs' trespass-nuisance claim was timely.

In their prayer for relief, the plaintiffs sought injunctive relief only in connection with this now-abrogated common-law claim for trespass-nuisance. Because the request for injunctive relief is tied expressly to a claim that the plaintiffs cannot maintain, we hold that they cannot seek injunctive relief in this case. Therefore, we reverse the Court of Appeals contrary conclusion that the plaintiffs' "claim for injunctive relief is permitted by MCL 691.1417(2) and not prohibited by the elimination of the trespass-nuisance exception to governmental immunity . . . ." *Sunrise Resort*, 339 Mich at 454.

The Court of Appeals focused on whether the SDSE exception barred the general ability to request an injunction to remedy an overflow or backup of a sewage disposal system. *Id*. at 457. We leave open the question of whether a plaintiff can seek injunctive relief in connection with an SDSE claim properly pled under § 1417(3) for a later date.

14

Our holding today is narrower. As applied to the plaintiffs' amended complaint in this case, we hold that injunctive relief was unavailable because it was sought only in connection with a clearly abrogated common-law claim. For these reasons, we reverse the Court of Appeals' conclusion that the plaintiffs could seek an injunction.

## V. CONCLUSION

We hold that the plaintiffs' SDSE claim is timely under the applicable three-year statute of limitations. Because their amended complaint argues that the flooding only in 2018 constituted an "overflow or backup" under the SDSE exception, and they clearly seek relief in connection only with that flooding, the SDSE claim was timely. The now-abrogated continuing-wrongs doctrine does not apply to this case because the plaintiffs do not seek to grandfather any prior flooding into the action.

However, we hold that the defendant is immune from the plaintiffs' common-law trespass-nuisance claim. Section 1417(2) of the SDSE exception evinces clear legislative intent to abrogate all common-law exceptions to governmental immunity, including the trespass-nuisance exception. Because the plaintiffs only sought injunctive relief in connection with their common-law trespass-nuisance claim, we reverse the Court of Appeals' conclusion that they could seek an injunction in this instance. We reserve any broader conclusions about the availability of injunctive relief in connection with a properly pled SDSE claim under § 1417(3) for the future.

Because we conclude the SDSE claim is timely, we reverse the trial court's grant of summary disposition to the defendant with respect to the plaintiffs' claim brought under the SDSE exception. However, we affirm the trial court's grant of summary disposition

15

with respect to the common-law trespass-nuisance claim because the defendant is immune from it.  We also vacate the Court of Appeals holding that the trespass-nuisance claim was timely.  Finally, we remand this case to the trial court for further proceedings consistent with this opinion.  We do not retain jurisdiction.

Elizabeth T. Clement
Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Megan K. Cavanagh
Elizabeth M. Welch
Kyra H. Bolden

16